ELLISON v. SPLAIN, U. S. Marshal.

(Court of Appeals of District of Columbia. Submitted October 6, 1919. Decided November 3, 1919.)

No. 3258.

1. HABEAS CORPUS ☞85(2), 92(2)—ISSUE IN EXTRADITION CASE; BURDEN OF PROOF.

The only issue, on application for habeas corpus by one arrested on extradition papers in proper form, and so making a prima facie case, is whether accused was in the demanding state when the crime is alleged to have been committed; and on this accused has the burden of proof, and the evidence is to be regarded liberally in favor of the demanding state.

2. HABEAS CORPUS ☞85(2)—SUFFICIENCY OF EVIDENCE IN EXTRADITION CASE.

Evidence, on application for habeas corpus by one arrested on extradition papers, held sufficient to sustain finding against accused, on the issue of his having been in the demanding state when the crime is alleged to have been committed.

3. HABEAS CORPUS ☞113(12)—APPEAL; REVIEW OF FINDING OF FACT.

The finding on hearing of application for habeas corpus by one arrested on extradition papers, on the issue of his having been in the demanding state when the crime is alleged to have been committed, must be accepted on appeal, unless clearly and manifestly wrong.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceedings by Edward Ellison against Maurice Splain, United States Marshal in and for the District of Columbia. Application denied, and petitioner appeals. Affirmed.

Henry E. Davis and J. B. Stein, both of Washington, D. C., for appellant.

J. E. Laskey, U. S. Atty., and Morgan H. Beach, Asst. U. S. Atty., both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Ellison was arrested upon a warrant issued out of the Supreme Court of the District of Columbia upon a

requisition of the Governor of Virginia based on an indictment by the grand jurors of the county of Alexandria, Va., charging that he on September 21, 1916, broke into a certain railroad car with intent to steal goods therein, and that he stole and carried away three cases of shoes, the property of the railway company. Ellison claimed that he was not in Virginia on September 21, 1916; that he did not on that day, or at any other time, commit any offense in Virginia as charged against him; and that he was not a fugitive from the justice of Virginia. He applied to the Supreme Court of the District for a writ of habeas corpus to test the right of the marshal to hold him for the purpose of being delivered to the demanding state. From a judgment denying his application, he appeals.

[1] The Supreme Court of the United States, speaking through Mr. Justice Clarke, in a similar case recently decided, said, after reviewing many prior holdings of the court upon the subject that—

"When the extradition papers required by the statute are in the proper form, the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed." Biddinger v. Commissioner of Police, 245 U. S. 128, 135, 38 Sup. Ct. 41, 48 (62 L. Ed. 193).

Where, then, the requisition papers are regular, they constitute prima facie evidence that the accused was in the state requesting his return at the time alleged and the burden of showing the contrary is on him, for it is said that the only evidence admissible is such as tends to show he was not in the state at that time. Not only that, but it has been ruled by the same court in Hyatt v. State of New York, 188 U. S. 691, 711, 23 Sup. Ct. 456, 458 (47 L. Ed. 657), that the prima facie case must stand unless the accused overturns it "by admissions, * * * or by other conclusive evidence. * * *" To the same effect are Hayes v. Palmer, 21 App. D. C. 450, 459.

It is not denied in this court that the extradition papers are in proper form, and therefore the only question which we have to determine is whether or not the evidence is sufficient to sustain the finding of the lower court that the appellant was in the state of Virginia on the date laid in the indictment. In construing the evidence we are not to be governed by technical rules as in the case of a trial for a crime, but to regard it liberally in favor of the demanding state, "because in delivering up an accused person to the authorities of a sister state" we "are not sending him for trial to an alien jurisdiction, with laws which our standards might condemn, but are simply returning him to be tried, still under the protection of the federal Constitution, but in the manner provided by the state against the laws of which it is charged that he has offended." Biddinger v. Commissioner of Police, supra.

[2, 3] What does the evidence show? The witness Latham, a special officer of the railway company, refreshing his recollection from his record, testified that on September 21, 1916, he was employed at the Potomac yards, Alexandria county, Va., and on that day at 12:20 p. m. the yard conductor [Calnan] turned over to him two cases of shoes, which he identified at the hearing in the court below. Calnan

said that the two boxes in court resembled very much the two which he helped to take off his engine on September 21, 1916, about 12 o'clock, and about which he talked to Latham at that time. Another witness, Powell, testified that he was employed as a brakeman in the Potomac yards in September; that he knew Ellison, and remembered meeting him and a man by the name of Ballinger one morning, and going with them to the Potomac yards, but he could not say whether it was in the springtime or not. He knew, however, that he went with them only once to the Potomac yards. When he arrived at the yards, Ballinger and Ellison left him on the main road, asking him to wait there until their return. They returned in about half an hour, when something was said about going back empty-handed. Ballinger said, "If you will wait, I will see if I can go over and get anything," and Ellison said he would wait, and did so. At Ballinger's request witness accompanied him into the Potomac yards, where they found three boxes of shoes, put two of them in a gondola car, and took the other one back to the buggy. After this the three drove up the road a little way. Ballinger and the witness took the shoes out of the box and put them in a bag, left the box in the road behind the bushes, then placed the bag in the buggy, and the three came to Washington; Ellison doing the driving. Ellison, the witness said, gave Ballinger and him his buggy, and they went back for the other boxes, but did not find them. He identified in court the two boxes as the ones which he and Ballinger put in the gondola car on the date mentioned.

Ballinger said that he remembered going across the bridge to Virginia with Ellison once, but did not recall whether it was in the spring or in the fall; that on the trip over they met Powell. He corroborated Powell with respect to their getting the shoes, putting the two boxes in the gondola car, and taking the contents of the other box in the bag to Washington. He could not definitely identify the boxes in court, but said they looked something like the ones which he and Powell had placed in the car. He repeated that he was never in the Potomac railroad yards with Powell on any other occasion.

There was testimony tending to show that Ellison was not in Virginia on the 21st of September. We think, however, that the testimony which we have related, and which tends to show that he was there on that day and participated in the robbery amply sustains the judgment. The facts were found by the trial justice. It is our duty to accept his finding, "unless clearly and manifestly wrong." Lawson v. United States Mining Co., 207 U. S. 1, 12, 28 Sup. Ct. 15, 19 (52 L. Ed. 65); Butte & Superior Copper Co., Ltd., v. Clark-Montana Realty Co. and Elm Orlu Mining Co., 249 U. S. 12, 39 Sup. Ct. 231, 63 L. Ed. 447. Here the court's finding that Ellison was in Virginia on the date alleged rests on the prima facie case made by the extradition papers and the testimony we have recited, which is enough.

This is not a case for the application of the rule that all doubts must be resolved in favor of the accused and against the accuser. As we have seen, the burden of establishing that he was not in Virginia on the date charged rested on the accused. The question of innocence or

guilt is not involved. There is only one inquiry, and that is as to whether or not Ellison was in the state of Virginia at the time of the crime alleged.

While counsel for Ellison in their brief concede that the only question involved is the one with reference to their client's presence in Virginia on September 21, 1916, still they intimate, if they do not argue, that the testimony adduced does not disclose an actual trespass, but shows that the crime committed by Ellison, if any, was in aiding and abetting the principal offender, and hence that the evidence does not support the charge in the indictment. If this be true, it is a matter of defense, and we have nothing to do with it. Biddinger v. Commissioner, supra. But we may say in passing that under the statute of Virginia "accessories either before or after the fact are indictable as principals and with principals or separately." Code Va. 1904, § 3887. So that, under the indictment charging Ellison as a principal, he may be convicted on evidence establishing that he was only an accessory.

Because the judgment of the lower court is right, it is affirmed, with costs.

Affirmed.