## LEVY v. SPLAIN, United States Marshal.

(Court of Appeals of District of Columbia. Submitted April 5, 1920. Decided June 2, 1920.)

No. 3332.

1. **Habeas corpus** ⊚⟶92(2)—**Extradition papers being regular, investigation limited to whether accused was at place of crime.**

   On petition for habeas corpus, where there was no claim that extradition papers were not regular on their face, there was but one question open for investigation, namely, whether or not accused was in the state where the crime was alleged to have been committed at the time the alleged crime was committed.

2. **Habeas corpus** ⊚⟶85(2)—**Extradition papers prima facie proof of presence at place of crime.**

   Extradition papers prove prima facie that accused was in the state where the crime was committed at the time that it was charged to have been committed, and the burden is on him to establish the contrary.

3. **Habeas corpus** ⊚⟶85(2)—**On attempt to extradite, accused entitled to release on showing absence from state on date crime charged.**

   In a habeas corpus proceeding by one being extradited, it was sufficient for accused to show that he was not in the state where the crime was alleged to have been committed at the time named in the indictment, and when that fact was proved, so that there was no dispute in regard to it, and there was no claim of any error in the dates named in the indictment, the fact so proved was sufficient to show that accused was not in the state when the crime was, if ever, committed, notwithstanding the date charged in an indictment was not binding on the prosecution in such foreign state.

4. **Habeas corpus** ⊚⟶111(1)—**One out of state on date of alleged conspiracy entitled to release.**

   Where indictment charged conspiracy on a certain date, without a continuando, accused in an extradition proceeding was entitled to be discharged on habeas corpus, where he proved that he was not in the state where the offense was charged to have been committed on the date alleged.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceeding by Barnett Levy against Maurice Splain, United States Marshal in and for the District of Columbia. From a judgment remanding him to the custody of the marshal, petitioner appeals. Reversed.

J. B. Stein, of Washington, D. C., for appellant.

J. E. Laskey, U. S. Atty., and Morgan H. Beach, Asst. U. S. Atty., both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Barnett Levy, the appellant, was indicted by the grand jury of the commonwealth of Massachusetts for having conspired on the 1st day of January, 1918, with several persons named, to steal the property of divers persons unknown to the grand jurors.

Pursuant to the requisition of the Governor. of Massachusetts, Levy was arrested in this District by United States Marshal Splain, as a fugitive from the justice of that state, upon a warrant issued by Mr. Justice Bailey, Acting Chief Justice of the Supreme Court of the District of Columbia. While in the custody of the marshal, for the purpose of being turned over to the agent of the commonwealth of Massachusetts, a writ of habeas corpus was sued out of the Supreme Court of the District to test the validity of his detention. After a hearing, it was adjudged that he was legally held, and he was remanded to the custody of the marshal.

[1, 2] In the petition for the writ several grounds were alleged for the discharge of the prisoner; but, as there is no claim that the extradition papers were not regular on their face, there is but one question open for investigation, namely, whether or not Levy was in Massachusetts at the time the crime charged was committed. The extradition papers prove prima facie that he was, and the burden is on him to establish the contrary. These rules of decision in extradition cases are firmly bedded in our law, and need no further discussion. Ellison v. Splain, 49 App. D. C. 99, 261 Fed. 247; Biddinger v. Commissioner of Police, 245 U. S. 128, 135, 38 Sup. Ct. 41, 62 L. Ed. 193.

[3] The evidence shows without doubt that Levy was not in Massachusetts on the 1st day of January, 1918, and the court below so found. He was there in September, 1917, and again about the middle of January, 1918. On the 8th day of June, 1918, the indictment was returned. The trial court, in disposing of the case, said:

"Under the law here, as in Massachusetts by statute, * * * the fact that this conspiracy was laid on the 1st day of January, 1918, is not binding upon the prosecution there, and it would not be here. You can show that the crime was committed any time within three years from the finding of the indictment. Nothing more is required in extradition than is required on the trial of an indictment."

A similar view was urged by counsel for the state in Hyatt v. People ex rel. Corkran, 188 U. S. 691, 711, 23 Sup. Ct. 456, 459 (47 L. Ed. 657); but the court refused to adopt it, saying:

"In the case before us it is conceded that the relator was not in the state at the various times when it is alleged in the indictments the crimes were committed, nor until eight days after the time when the last one is alleged to have been committed. That the prosecution on the trial of such an indictment need not prove with exactness the commission of the crime at the very time alleged in the indictment is immaterial. The indictments in this case named certain dates as the times when the crimes were committed, and where in a proceeding like this there is no proof or offer of proof to show that the crimes were in truth committed on some other day than those named in the indictments, and that the dates therein named were erroneously stated, it is sufficient for the party charged to show that he was not in the state at the times named in the indictments, and when those facts are proved, so that there is no dispute in regard to them, and there is no claim of any error in the dates named in the indictments, the facts so proved are sufficient to show that the person was not in the state when the crimes were, if ever, committed."

In the case at bar, as in that case, there is no proof or offer of proof that the crime was in truth committed on some other day than that named in the indictment, and that the day therein named was errone-

ously stated. Consequently, to paraphrase the language of the Supreme Court of the United States, it was sufficient for Levy to show that he was not in the state at the time named in the indictment, and when that fact was proved, so that there was no dispute in regard to it, and there being no claim of any error in the dates named in the indictment, the fact so proved is sufficient to show that Levy was not in the state when the crime was, if ever, committed.

This court ruled, in Hayes v. Palmer, 21 App. D. C. 450, 461, that if the person sought offered proof showing with precision that he had left the demanding state before the date of the alleged crime, it would then devolve upon the person detaining him "to show that he was a fugitive from justice by producing evidence that he was in the state at the time charged in the indictment, or to prove that said date had been erroneously charged and could be carried back to the necessary time." This is in line with the doctrine of the Hyatt Case. In view of these holdings, which, so far as we can ascertain, have not been modified in any wise by subsequent decisions, we are constrained to say that Levy cannot be held.

[4] It is true that in Ex parte Montgomery (D. C.) 244 Fed. 967, 970, an extradition case, the court decided it was not necessary to prove that the person charged with the crime was in the demanding state on the date on which the crime was laid in the indictment. But that was a conspiracy case with a continuando. "While the indictment here mentions specially but a single day," said the court, "it also alleges a conspiracy claimed to have been hatched during two years preceding the indictment. Conspiracy is a continuando crime, and the rule is now well settled that the demanding state is not bound, either upon the trial or in the extradition proceedings, by the specific date laid." In United States v. Kissel, 218 U. S. 601, 605, 31 Sup. Ct. 124, 54 L. Ed. 1168, it was also said that a conspiracy was a continuing crime. But this language must be read in the light of the facts. In that case the indictment charged the defendants with having committed the crime upon a certain date "and from that day until the day of presenting the indictment."

If the indictment in the case before us had charged Levy with having conspired on the 1st of January, and from that date until the date of presenting the indictment, June 8, 1918, or until the last of January, 1918, the testimony that he was in Massachusetts about the middle of January of that year would have been sufficient to warrant his surrender to Massachusetts; but the indictment does not read that way. There is nothing, therefore, in either of those cases, which authorizes us to disregard the rule announced in unmistakable terms in the Hyatt and Hayes Cases.

For this reason, the judgment of the lower court must be reversed, with directions to discharge the appellant.

Reversed.