## WATTS v. SPLAIN, United States Marshal.

(Court of Appeals of District of Columbia. Submitted November 7, 1921. Decided December 5, 1921.)

No. 3490.

1. **Habeas corpus ⟨⟩92(2)—Regular papers in extradition proceedings preclude every question but presence within state.**

   If the requisition papers are regular on their face, the only question open for investigation on habeas corpus to procure discharge from the extradition warrant is whether the person sought was in the demanding state when the offense was committed.

2. **Extradition ⟨⟩32—Affidavit positively sworn to is sufficient.**

   Under Rev. St. § 5278 (Comp. St. § 10126), requiring extradition on requisition, with which is produced a copy of an indictment found or an affidavit made before a magistrate, a requisition is regular on its face. where it is supported by an affidavit, positively sworn to, which embraces all the elements required by the statute.

3. **Habeas corpus ⟨⟩85(2)—Testimony held not to imply affiant had no personal knowledge of offense.**

   Testimony by witness for the government that the police officer who made the affidavit on which the requisition was based requested the witness to go before a magistrate and make affidavit concerning what he knew of the trouble does not require an inference that the police officer had no personal knowledge of the facts.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceeding by Colly Watts against Maurice Splain. as United States Marshal in and for the District of Columbia. From a judgment denying the relief sought, petitioner appeals. Affirmed.

Thomas L. Jones, Royal A. Hughes, and George E. C. Hayes, all of Washington, D. C., for appellant.

John E. Laskey, Peyton Gordon, and L. H. Vandoren, all of Washington, D. C., for appellee.

SMYTH, Chief Justice. On a requisition from the Governor of South Carolina the Chief Justice of the Supreme Court of the District, by virtue of the authority vested in him by the District Code, § 930, caused a warrant to be issued for the apprehension of Colly Watts, charged in an affidavit accompanying the requisition with the crime of assault and battery with intent to kill. He was arrested and brought before the Chief Justice, who, after a hearing, directed that he be surrendered to the agent of the state of South Carolina for the purpose of being returned to that state. While in the custody of the marshal he sued out a writ of habeas corpus to test the legality of his detention. From a decision against him he appeals.

[1] It is well settled in this court that, where the requisition papers are regular on their face, only one question is open for investigation, namely, whether or not the person sought was in the demanding state at or about the time the offense with which he is charged was committed. Ellison v. Splain, 261 Fed. 247, 49 App. D. C. 99. The testimony clearly establishes that Watts was in the state of South Caro-

lina at that time, and tends to show that he committed the offense with which he is charged. But he says that the requisition papers are not regular on their face.

[2] The Revised Statutes of the United States (section 5278; Comp. St. § 10126) provide:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate," etc.

—it shall be the duty of the executive authority of the state or territory to which the person has fled to cause his arrest and surrender him to the demanding state. In this case the charge was made against Watts, not by an indictment found, but by an affidavit positively sworn to by one Abrams, which embraces all the elements required by the statute. It is therefore regular on its face, and hence not open to attack. Even if it was open to attack, Watts has failed to show that it is insufficient.

[3] The government, erroneously assuming that the burden rested upon it of establishing, aliunde the extradition papers, that Watts was in the state at the time of the commission of the crime, called one witness. He testified that he saw the assault and that Watts made it. On cross-examination he said that at the instance of Abrams, a police officer, he appeared before a magistrate and made affidavit concerning what he knew of the trouble between Watts and the assaulted person. From this latter circumstance alone Watts asks us to infer that Abrams had no personal knowledge of the facts stated in his affidavit, and therefore that it is defective. But we cannot accede to the request. The testimony has no tendency to prove what Watts desires. This is manifest.

Much reliance is placed by Watts on Ex parte Hart, 63 Fed. 249, 11 C. C. A. 165, 28 L. R. A. 801. It is not in point. In that case the affidavit was not, as here, positively sworn to. The person making it did not say that the statements therein contained were true, but that he believed them to be true. This the court said was not sufficient to satisfy the extradition statute. If the affidavit here was on belief only, the decision would be an authority for Watts' contention, but it is not.

There is no error in the record, and the judgment is affirmed, with costs.

Affirmed.