#### HOPP v. CALLOWAY et al.

(Court of Appeals of District of Columbia. Submitted February 13, 1922. Decided April 3, 1922.)

No. 3681.

1. **Appeal and error ⬤�longdash1008(1)—Finding of trial judge should not be disturbed, unless it is clearly error.**

In a suit to establish a trust, a decision of the trial judge, who observed the witnesses, that plaintiff's conveyance was made to defraud his wife, will not be disturbed, unless clearly error.

2. **Trusts ⬤�longdash46—Plaintiff, because of fraud, held not entitled to enforce trust.**

Where plaintiff conveyed realty to defendant's ancestor, and took a secret deed back, to defraud his wife of her inchoate dower interest, and later let a mortgage be foreclosed, after which his grantee repurchased, plaintiff, because of his fraud, cannot enforce a trust against his grantee's heir.

Appeal from the Supreme Court of the District of Columbia.

Suit by Richard Hopp against Thomas J. Calloway and others. From a decree dismissing plaintiff's petition, plaintiff appeals. Affirmed.

Irving Williamson, of Washington, D. C., for appellant.

James A. Cobb, Mason N. Richardson, C. S. Shreve, and William L. Houston, all of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, dismissing appellant's petition for the establishment and enforcement of a trust.

On December 26, 1906, Susan Hopp, mother of appellant and the owner and occupant of the real estate in controversy, executed a deed of trust to secure an indebtedness of $3,000, payable three years after date, with interest at 5 per cent. per annum, payable semiannually. She died in April of 1907, before the first installment of interest became due, and more than 2½ years before the principal fell due. Appellant,

---

her only son and heir, and Adeline Hume, were living with her at that time, and continued to reside on the premises until the death of Mrs. Hume in 1917. Hopp had been separated from his wife for several years, although the parties had not been divorced. On May 8, 1907, which it will be observed was prior to the due date of the first installment of interest, Hopp conveyed the property to Mrs. Hume by deed in fee for an expressed consideration of $10. This deed was recorded. At the same time Mrs. Hume executed a similar deed to Hopp, which was not recorded until August of 1908.

In his petition appellant avers that this step was necessary, because he had discovered that his mother was in arrears in her payments under the deed of trust; that a new loan was required, and that his wife had refused to join in the necessary conveyance; and that he held the deed from Mrs. Hume, reconveying the property to him, "until it was found, under advice given to him, that the conveyance to said Hume as trustee did not remove the difficulty as to the inchoate dower of his wife, and that it would be impossible for said Hume to execute a new deed of trust, which would be accepted as a means of obtaining a loan to take up the old trust, and so on August 4, 1908, the deed from said Hume, trustee, above referred to, to the plaintiff, was recorded," etc. In September following the property was sold under foreclosure proceedings, although the evidence leaves no room for doubt that appellant would have had no difficulty in meeting the interest due.

At the foreclosure sale the surplus in the hands of the trustees was, by direction of Hopp, paid to Mrs. Hume. The purchaser at this sale was the appellee Calloway, who entered into a secret written agreement with Mrs. Hume, under which, upon the fulfillment of certain conditions and payments on her part, the property was to be conveyed to her. Thereafter payments were made under this agreement, and Mrs. Hume was recognized by Calloway as the equitable owner. After her death, Hopp filed his petition. The appellee Delia Hume is the daughter of Adeline Hume, and she has been recognized by Calloway "as the successor in title in respect of said property of said Adeline Hume."

[1] The learned trial justice, who had opportunity to observe the witnesses, reached the conclusion:

"That the conveyance under which this title was vested in Adeline Hume was procured by the plaintiff for the purpose of fraudulently depriving his wife of her inchoate right of dower, and he is not entitled to the aid of a court of equity in the premises."

In such a case as this, where all the circumstances point to the conclusion reached by the trial justice, that conclusion ought not to be disturbed, unless error clearly appears. Comptograph Co. v. Adder Co., 41 App. D. C. 427; McLarren v. McLarren, 44 App. D. C. 555; Ellison v. Splain, 49 App. D. C. 99, 261 Fed. 247. It is sufficient to say that in our view the conclusion here is fully sustained by the evidence.

[2] Appellant contends that he consulted Calloway, who is an attorney, and that the foreclosure proceedings and the agreement with Mrs. Hume were the result. Calloway denies that he acted for Hopp, but the question is not important, since it is apparent that the intent of Hopp to defraud his wife of her dower was formed long prior to the

foreclosure proceedings. The deed to Mrs. Hume and the secret deed back to Hopp, in the circumstances in which they were made, clearly indicate this. The facts, then, bring this case clearly within the rule that—

"It is against the policy of the law to enable either party, in controversies between themselves, to enforce an agreement in fraud of the law, or which was made to injure another." Dent v. Ferguson, 132 U. S. 50, 10 Sup. Ct. 13, 33 L. Ed. 242; Schermerhorn v. De Chambrun, 64 Fed. 195, 12 C. C. A. 81.

Appellant has no standing in a court of equity, and the court below was right in so holding.

The decree is affirmed, with costs.

Affirmed.