## PULLMAN CO. v. EPPLER (two cases).

(Court of Appeals of District of Columbia. Submitted December 6, 1926. Decided February 7, 1927.)

Nos. 4414, 4415.

1. Carriers ⏄416—Allegation that plaintiff, in getting out of berth, fell and was injured, held not at fatal variance with proof that she fell while preparing to get out.

In action against Pullman Company for personal injuries, allegation that plaintiff, "in getting out of her said upper berth, * * * fell from her upper berth to the floor of said car, * * * held not at fatal variance with evidence showing that fall occurred as plaintiff was preparing to get out of berth, particularly in view of testimony that plaintiff "leaned toward the outside of her berth to get out."

**2. Carriers ⬬⇒416—In action against Pullman Company for injuries from fall from berth, evidence held not to require submission of issue of contributory negligence.**

In action against Pullman Company for injuries sustained when plaintiff fell from berth, evidence showing that plaintiff was preparing or attempting to get out of berth in response to call of her daughter in another berth, without asking for porter's assistance, *held* insufficient to go to jury on question of contributory negligence, or necessitate instructions submitting such issue, particularly in view of evidence showing porter had previously failed to respond to calls for him.

Appeals from Supreme Court of District of Columbia.

Actions by Mary H. Eppler and Frank V. Eppler against the Pullman Company. From judgments for plaintiffs, defendant appeals. Affirmed.

B. S. Minor, H. P. Gatley, H. B. Rowland, and A. P. Drury, all of Washington, D. C., for appellant.

W. B. Thomas, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

HATFIELD, Acting Associate Justice. The appellee, Mary E. Eppler, brought suit in the court below against the Pullman Company to recover damages for personal injuries alleged to have been sustained by her while a passenger on the Quebec Central and the Boston & Maine Railroads, and while a passenger and occupying an upper berth in one of the sleeping cars of the defendant company.

It was alleged in her amended declaration that the sleeping car in which she was a passenger was equipped with lower and upper berths along a central aisle; that the upper berths, including the one occupied by the plaintiff, "were furnished, at each end, with a network of web straps attached to a rod above said berths, and so constructed that they could be fastened to the bottom thereof, affording, when so fastened, a protection to the occupants of said berths to prevent their falling out of them"; that it was the duty of the defendant to maintain an employee or agent constantly in the car occupied by plaintiff and others for the purpose of properly preparing the berth occupied by plaintiff, and, as a part of such preparation, to securely fasten the protecting network of straps attached to such berth, to assist the plaintiff in getting in and out of it, and to render such other assistance as was proper and necessary for the comfort and safety of the plaintiff; and that the defendant, its agents and servants, "unmindful of their duty in that behalf, negligently failed to properly prepare plaintiff's said upper berth for her occupancy, and negligently failed to fasten the protecting straps with which said berth was equipped for plaintiff's safety, and negligently failed to assist the plaintiff in getting in and out of said berth, and negligently failed to maintain a porter constantly upon said car, whereby, and because of the said negligence of the defendant, its agents and servants, the plaintiff, in getting out of her said upper berth to go to the assistance of her daughter, who was also a passenger on said car, occupying another berth therein, and moved thereto by a disorderly commotion then and there transpiring, and while in the exercise of due care and caution for her own safety, fell from her upper berth to the floor of said car," and thereby sustained severe, painful, and permanent injuries, to her damage in the sum of $20,000.

A demurrer to the amended declaration was overruled by the trial court. Whereupon the defendant filed its plea to the amended declaration, in which it was admitted that the plaintiff was a passenger and an occupant of an upper berth, as alleged in the declaration; that the upper berths in the car occupied by plaintiff were equipped with "curtains fastened by means of straps and buttons to certain rods used in connection with said berths"; and that it was the duty of its employee known as a "porter" to "render assistance upon request to occupants of upper berths in getting into and out of the same and to prepare said berths for occupancy and to fasten the straps used in connection with the curtains aforesaid. * * *" It was specifically denied that it was the duty of the defendant to maintain a porter constantly upon the car in which the plaintiff was a passenger; that it negligently failed to fasten the straps used in connection with the berth occupied by plaintiff, or that it otherwise failed to properly prepare the same for occupancy; that it negligently failed to maintain a porter constantly upon said car; that it negligently failed to assist plaintiff in getting out of her berth; and that plaintiff was injured by reason of the negligence of the defendant, its agents or employees. It was alleged that, if plaintiff sustained any injuries, they were the direct result of her own negligence in attempting to get out of her berth without requesting assistance. The plea contained also a general denial of the other averments in the amended declaration.

Suit was also brought against the defendant by Frank V. Eppler, husband of Mary H. Eppler. The amended declaration filed by him contained substantially the same averments as those contained in the amended declaration of the plaintiff, Mary H. Eppler, as to the injuries sustained by her and the causes thereof. In addition it complained that, by reason of the injuries sustained by his wife, he had been compelled to expend large sums of money for medicines and for medical, surgical, and nursing attendance for her, and that he would be required to expend further large sums for such purposes; that he had been compelled to pay out considerable money for servants and for other expenses; and that he had been deprived of the help and companionship of his wife—to his damage in the sum of $10,000, for which he asked judgment.

A demurrer to this amended declaration having been overruled by the court below, the defendant filed a plea thereto, the admissions and denials contained therein being substantially the same as those contained in the plea heretofore referred to. The causes of action were consolidated by agreement of the parties and trial had upon the issues thus joined, resulting in verdicts for the plaintiffs. Motions for new trials were filed and overruled, and judgments were entered on the verdicts.

On the trial below the plaintiff, Mary H. Eppler, testified in substance that she was occupying upper berth No. 9 with her daughter, Mary Frances Eppler, who was, and had been for years, a cripple; that another daughter, Adelaide Eppler, who at the time was ill with ptomaine poisoning, was occupying upper berth No. 8, which was diagonally across the aisle from the berth occupied by plaintiff and Mary Frances; that, during the night, there was a commotion in the car, and she heard screaming and some one calling "Mother!" and, thinking that it was her daughter Adelaide across the aisle, she undertook to go to her assistance; that plaintiff was occupying that part of the berth near the aisle; that, preparatory to going to her daughter Adelaide, she threw the bed clothing back off of herself and over her daughter Mary Frances, and while arranging the bed clothing she leaned or turned toward the outside of the berth and the straps and the curtain of her berth opened and she fell to the floor; and that the network of web straps at the ends of her berth was not fastened at the time of the accident.

We do not consider it necessary to discuss generally the evidence in the case. There was evidence of a commotion in the car and explanations thereof; that repeated calls had failed, some time prior to the accident, to secure the presence and assistance of the porter, although he had responded to calls earlier in the night; and that the straps attached to the berth occupied were unfastened at the time of the accident.

The porter testified that he fastened the straps when he made up the berth, and that they were fastened after the accident when he assisted plaintiff back into her berth. There was considerable evidence of an impeaching character introduced by the defendant. It was to the effect that the plaintiff, immediately after the accident, stated that she started to go to the assistance of her daughter Adelaide, and not being fully awake and thinking that she was in a lower berth, stepped out of her berth and fell to the floor.

[1] The principal contention of the appellant here is that there was a fatal variance between the allegations of each amended declaration and the proof offered in support thereof. It was alleged in each amended declaration that Mary H. Eppler, " * * * in getting out of her said upper berth to go to the assistance of her daughter, * * * fell from her upper berth to the floor of said car. * * * "

The substance of the testimony of the plaintiff Mary H. Eppler, as stated in the record of the case, is as follows: "I was on the outside of berth No. 9 with my daughter Mary Frances on the inside, and I turned when I heard this shriek and in doing so the straps and curtains on my berth opened and I fell." On cross-examination she is reported to have said in substance that "she threw the bed covers off of herself, threw them back that way on her daughter and leaned toward the outside of her berth to get out to her [other] daughter after that word 'Mother!' was repeated. As she did so she fell to the floor; * * * she had to throw the covers back off of herself to get out. She covered up her daughter and while she was covering up her daughter she leaned toward the outside of the berth and as she did so fell to the floor; * * * she was not sitting up in bed."

The claim of a variance is apparently based on the theory that, construing the plaintiff's testimony most favorably to her, she was not getting out of her berth, but preparing to do so, at the time the accident occurred. The difficulty with this construction is that it fails to take into consideration the statement that "she leaned toward the outside of her berth to get out." It seems to us that this testimony is consistent with the allegations of the amended declarations, and that the one corre-

sponds substantially with the other. Nothing more is required. Standard Oil Co., v. Brown, 218 U. S. 78, 30 S. Ct. 669, 54 L. Ed. 939; Garrett v. Louisville & Nashville Railroad Co., 235 U. S. 308, 35 S. Ct. 32, 59 L. Ed. 242.,

[2] It is contended by counsel for appellant that, if plaintiff was in the act of getting out of her berth at the time the accident occurred, she was guilty of contributory negligence because of her failure to summon the porter on the. car to assist her. Consistent with this view of the case, counsel on the trial requested the court to charge the jury as follows:

"If you find from the evidence that the plaintiff, Mrs. Eppler, undertook to get out of the upper berth without calling upon its servants to put steps into position to enable her to descend therefrom, or otherwise assist .her in such descent, she was guilty of contributory negligence and your verdict should be for the defendant."

It will be observed that this instruction does not take into consideration the exact circumstances as explained by plaintiff and others. It does not directly or by reference cover the emergency confronting the plaintiff, which was claimed to exist by reason of the commotion in the car; nor does it include any reference to the claim that the porter had previously failed to respond to calls for him. Moreover, if the accident occurred in the manner stated by the plaintiff, Mary H. Eppler, its proximate cause was the failure of the servants of the appellant to fasten the web straps attached to the·berth. Failure to summon the porter under such circumstances could not have been a contributing cause of the accident.

We think that the court below was right in refusing to give this instruction. We are unable to find any error prejudicial to the appellant, and the judgments are affirmed, with costs.

Affirmed.