WELLMAN v. MOORE.
No. 8068.

United States Court of Appeals for the District of Columbia.

Submitted June 1, 1942.

Decided July 13, 1942.

Mr. Edward Berger, of Washington, D. C., for appellant.

Mr. R. H. McNeill, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER, and VINSON, Associate Justices.

PER CURIAM.

William M. Wellman, appellant, was indicted in North Carolina, May 20, 1941, for the crime of rape. Shortly thereafter he was arrested in the District of Columbia on the requisition of the Governor of North Carolina. There was a hearing, and a rendition warrant issued committing him to the custody of appellee, Sheriff of Iredell

---

[2] U.S.C.A., Tit. 15, § 85.

County, North Carolina. Thereafter, upon petition of appellant, a writ of habeas corpus issued out of the District Court commanding appellee to produce appellant for an inquiry in respect to the legality of his detention. After a hearing, Judge Goldsborough dismissed the petition and discharged the writ.

 On the appeal to this court no point is made as to the regularity and validity of the requisition papers, but the argument is confined to the single proposition that the District Court was incorrect in placing on appellant the obligation of proving by clear and conclusive evidence that he was not in the demanding State at the time of the commission of the alleged offense.

The question thus presented is not new and has been answered against appellant by both the Supreme Court and this court. The rule on the subject is too well established to require more than a reference to a few of the cases in which it has been decided. In Lee Won Sing v. Cottone, 74 App.D.C. 374, 377, 123 F.2d 169, 172, we said: "Whether or not a person is, within this definition, a fugitive from justice is a question of fact. And in a habeas corpus proceeding questioning the legality of detention for extradition the fact alone that a rendition warrant has been issued by the governor of the asylum state makes a prima facie case of fugitivity, which unless overthrown by the alleged fugitive by clear and conclusive proof, will, so far as the question of fugitivity is concerned, sustain detention. * * * A mere conflict of evidence is not sufficient to warrant discharge."

To the same effect are Barrett v. Bigger, 57 App.D.C. 81, 82, 17 F.2d 669, 670; Ellison v. Splain, 49 App.D.C. 99, 261 F. 247; and Hayes v. Palmer, 21 App.D.C. 450.

In Munsey v. Clough, 196 U.S. 364, 375, 25 S.Ct. 282, 285, 49 L.Ed. 515, the Supreme Court said: "But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused."

And in the later case of State of South Carolina v. Bailey, 289 U.S. 412, 421, 53 S.Ct. 667, 671, 77 L.Ed. 1292, the rule was reaffirmed, as follows: "Considering the Constitution and statute and the declarations of this Court, we may not properly approve the discharge of the respondent unless it appears from the record that he succeeded in showing by clear and satisfactory evidence that he was outside the limits of South Carolina at the time of the homicide. Stated otherwise, he should not have been released unless it appeared beyond reasonable doubt that he was without the state of South Carolina when the alleged offense was committed and, consequently, could not be a fugitive from her justice."

In the instant case appellant claims to have been at work on a federal project within a few miles of the District of Columbia at the time of the commission of the crime in North Carolina, and he presented strong evidence which, if true, sustains this claim. On the other hand, the victim of the rape positively identified him as the person who had assaulted her at her home in North Carolina, and another witness testified to seeing appellant on the day of the crime on a path leading to the home of the victim. In this conflicting state of the evidence, it cannot be said that appellant overthrew by conclusive proof the case made against him by the issuance of the rendition warrant, the indictment, and the testimony of the two witnesses we have mentioned. As we said in Barrett v. Bigger, supra [57 App.D.C. 81, 17 F.2d 670]: "In construing the evidence we are not to be governed by the technical rules as in the case of a trial for a crime, but to regard it liberally in favor of the demanding state, 'because in delivering up an accused person to the authorities of a sister state' we 'are not sending him for trial to an alien jurisdiction, with laws which our standards might condemn, but are simply returning him to be tried, still under the protection of the federal Constitution, but in the manner provided by the state against the laws of which it is charged that he has offended.' "

Enough has been said to show that the action of the District Court was correct, and its judgment is therefore affirmed.

Affirmed.