## YOUNG v. MATTHEWS, United States Marshal.

### No. 10012.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 9, 1949.

Decided March 7, 1949.

Mr. M. Edward Buckley, Jr., of Washington, D. C., for appellant.

Mr. L. Clark Ewing, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Oliver O. Dibble and John D. Lane, Assistant United States Attorneys, all of Washington, D. C., were on the brief for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

This appeal is from an order discharging a writ of habeas corpus.

Jackson Satterwhite was murdered in Asheville, North Carolina, in 1926. Appellant was afterwards arrested in South Carolina on a different charge. North Carolina authorities were notified of his arrest and declined to ask for his return. In 1940 he was arrested in the District of Columbia. Again North Carolina authorities were notified and declined to ask for his return. At various times he returned voluntarily to North Carolina.

In 1948 he was arrested for a misdemeanor in the District of Columbia. North Carolina authorities forwarded an indictment, returned in 1948, charging him with Satterwhite's murder and demanded his extradition as a fugitive from justice. A hearing was held and a warrant issued.

Appellant then sued out this writ of habeas corpus. At the hearing on the writ a cousin of appellant, as well as appellant himself, testified that appellant was not in North Carolina but in Gaffney, South Carolina, at the time of the murder. Appellant's sister, who was Satterwhite's wife, gave corroborative testimony. There was no testimony that appellant was in North Carolina at the time of the murder. Nevertheless the court found that he was there at that time, and discharged the writ.

We think the court erred. It relied on the rule that "when a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States." McNichols v. Pease, 207 U.S. 100, 112, 28 S.Ct. 58, 62, 52 L.Ed. 121; South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292; Ellison v. Splain, 49 App.D.C. 99, 261 F. 247. But one who was not in the demanding state at the time of the crime cannot be a fugitive from justice. Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657; Biddinger v. Com'r of Police, 245 U.S. 128, 135, 38 S.Ct. 41, 62 L. Ed. 193; Levy v. Splain, 50 App.D.C. 31, 267 F. 333. We think the testimony of appellant and his witnesses, together with the failure of the North Carolina authorities to produce any opposite testimony, clearly and satisfactorily shows that appellant was not in North Carolina when Satterwhite was murdered.

Reversed.