**STUMPF v. MATTHEWS, United States Marshal.**

**No. 10714.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1951.

Decided Jan. 24, 1952.

See also, 195 F.2d 25.

M. Edward Buckley, Jr., Washington, D. C., for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., also entered an appearance for appellee.

Before CLARK, PROCTOR, and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

The Governor of Virginia sought extradition of Stumpf, appellant, to answer an indictment alleging that *on the ...... day of October, 1949*, in the County of Pulaski, Virginia, Stumpf did forge and utter a certain check. The Chief Judge of the District Court, as extraditing officer under the law,[1] after hearing, ordered Stumpf delivered to the State's designated agent. This was over the objection that the failure of either count of the indictment to allege a specific date for the commission of the offenses rendered the requisition insufficient by depriving the accused of the right and opportunity to show that on the date or dates upon which the offenses were allegedly committed he was not in the State of Virginia, and so was not a fugitive therefrom. Countering this contention, evidence was adduced on behalf of the State tending to prove that the offenses occurred October 6, 1949, and that the accused was present in the State on that date. Based upon such evidence the State limited its demand to that particular date. The defendant contended that he was not within the State at that time and offered evidence in support thereof. The issue was resolved by the extraditing officer in favor of the demanding State, and Stumpf was ordered delivered over. The action was then reviewed by a judge of the District Court in a habeas corpus proceeding, and the order of the extraditing officer was sustained. This appeal is from the judgment denying the writ and ordering surrender of the accused to the State agent.

We think the judgment is correct. The indictment was valid notwithstanding it failed to allege a definite date for either offense. Virginia Code of 1950, § 19–146; Virginia Code, § 4875, Michie, 1942; Savage v. Commonwealth, 1888, 84 Va. 582, 5 S.E. 563. The lack of a specific date did not invalidate the requisition with respect to the claim of fugitivity, for it was permissible to establish a particular date by evidence, as the State did. We think this to be the necessary conclusion to be drawn from United States ex rel. Jackson v. Meyering, 7 Cir., 1931, 54 F.2d 621, certiorari denied, 1932, 286 U.S. 542, 52 S.Ct. 498, 76 L.Ed. 1280; Hayes v. Palmer, 1903, 21 App. D.C. 450; Hyatt v. People of State of New York ex rel. Corkran, 1903, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657. See also

1. 23 D.C.Code § 401 (1940).

Strassheim v. Daily, 1911, 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735.

The contention that Stumpf was deprived of an opportunity to defend against the claim of fugitivity cannot stand in view of the fact that at the hearing the State by evidence not only fixed a definite date for commission of the alleged offenses, but placed Stumpf in Pulaski County, Virginia, at that time. Although his testimony tended to dispute the State's evidence, at most it only raised an issue of fact for the extraditing officer to decide. We cannot say his decision was clearly wrong, Fed. Rules Civ.Proc. rule 52 (a), 28 U.S.C.A., especially in view of the presumption of fugitivity supporting the requisition. Lee Won Sing v. Cottone, 1941, 74 App.D.C. 374, 377, 123 F.2d 169, 172.

Affirmed.