**BRUZAUD v. MATTHEWS.**

**No. 11801.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 26, 1953.

Decided July 16, 1953.

Mr. Edward J. Skeens, Washington, D. C., with whom Mr. Louis S. Papa, Washington, D. C., was on the brief, for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Edward O. Fennell and William B. Bryant, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at the time record was filed, also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

A requisition issued October 16, 1952, by the Governor of Pennsylvania, demanding the extradition of Lex Bruzaud to answer a charge of fraudulent conversion, was honored by the Chief Judge of the United States District Court for the District of Columbia.[1] To test the validity of the extradition order, Bruzaud sued out a writ of habeas corpus which, after a hearing, was discharged by the District Court. This appeal followed.

Under 18 U.S.C. § 3182, a statute which implements the Constitutional provision concerning interstate extradition, Article IV, § 2, the governor of the asylum state has for decision the legal question whether the demanded person has been substantially charged with a crime and the factual question whether he is a fugitive from justice. Munsey v. Clough, 1905, 196 U.S. 364, 372, 25 S.Ct. 282, 49 L.Ed. 515; Fowler v. Ross, 1952, 90 U.S.App.D.C. 305, 310, 196 F.2d 25, 30; Johnson v. Matthews, 1950, 86 U.S.App.D.C. 376, 378, 182 F.2d 677, 679. If he resolves those questions against the prisoner, the chief executive is required by the statute to order extradition. On habeas corpus review of his order in a court of the asylum state, the inquiry is limited to the same two questions.

Appellant insists there is no valid charge pending against him in the demanding state. We observe, however, attached to the requisition and certified by the Governor as authentic, a copy of an indictment found September 2, 1952, by a grand jury in Allegheny County, Pennsylvania, charging Lex Bruzaud with committing the crime of fraudulent conversion in that county July 8, 1952; and we note that at the habeas corpus hearing, the complaining witness identified appellant as the person so accused and was not contradicted. Thus the indictment, which is not criticized as to form, substantially charges the appellant with committing crime in the demanding state.

It appears, however, that some time before the indictment was returned, the complaining witness went before a magistrate in Allegheny County and, for the purpose of obtaining a warrant for appellant's arrest, made an affidavit accusing him of fraudulent conversion committed July 8, 1952. A warrant issued by the magistrate was returned "Not found" and so no examining trial was ever held.

In addition to supporting his requisition with a copy of the indictment, the Governor attached also copies of the affidavit, the warrant of arrest, and a docket entry showing the return on the

[1]. In extradition cases in the District of Columbia, the Chief Judge of the United States District Court performs the du-

ties of the chief executive of a state. Section 23–401, D.C.Code 1951.

warrant. According to the copies, the jurat to the affidavit and the warrant were dated June 25, 1952, and the docket entry referred to the warrant as having been dated that day, which was nearly two weeks before July 8, the date the affiant alleged the crime was committed. Seizing upon this discrepancy in dates, and asserting crime cannot be charged *in futuro,* appellant contends the affidavit vitiates the warrant and the indictment. Thus, he reasons, there was and is no valid charge pending against him in Pennsylvania.

█ The alleged vitiation of the warrant of arrest is immaterial since the federal statute does not permit a requisition to be based upon a warrant. The act requires the demanding governor to produce a copy of an indictment or a copy of an accusatory affidavit, but it does not require both. Were requisition permitted only after indictment, the sometimes considerable delay in awaiting grand jury action might enable a fugitive to escape extradition. To obviate this delay was the obvious legislative purpose in permitting an affidavit to be used as support for a requisition. But, once an indictment has been returned, there is no necessity for basing a requisition upon a mere affidavit, and indeed we doubt the propriety of doing so.[2] Since in this case an indictment had been returned and a copy of it was attached, no purpose was served by attaching also a copy of the earlier affidavit made by the complaining witness, and it should be regarded as mere surplusage, as far as the requisition is concerned.

But the fact remains that the dates shown in the affidavit and jurat are inconsistent. What effect, if any, does that discrepancy have upon the efficacy of the indictment as a substantial charge of crime, when considered on habeas corpus in a court of the asylum state?

In Thompson v. Baker, 1944, 154 Fla. 303, 17 So.2d 298, a requisition by the Governor of Illinois was based upon an indictment dated January 4, 1944, but was accompanied by an affidavit of the complaining witness dated January 10, 1944, which showed on its face that no crime had been committed under Illinois law. The Florida court said, in a habeas corpus proceeding, it could not "visit the invalidity of the affidavit upon the indictment and thereby determine whether a crime has been charged under the Illinois law."

In Ryan v. Rogers, 1913, 21 Wyo. 311, 132 P. 95, 101, a requisition from Illinois, based on an attached copy of an indictment, was accompanied also by an affidavit of the complaining witness which had been executed, not to obtain a warrant of arrest, but in support of the prosecutor's petition for requisition addressed to the governor of the demanding state. The affidavit stated facts which were said to show the charge in the indictment was not well founded, but the Wyoming court said:

"The charge of crime is contained in the indictment, a copy of which duly authenticated accompanies the requisition, and its allegations must control in determining the legal question whether it is shown that the person named therein is charged with the commission of a crime."

█ The discrepancy in dates which appears in the copies of the examining court papers in this case, which the District Court found was due to a typographical or clerical error, does not remove the important fact that the indictment now pending in Pennsylvania charges the appellant with the commission of a crime in that state. The difference in dates is at best defensive, and can be used by the appellant for whatever it is worth at trial under the indictment. We are not concerned with his guilt or innocence, but with the ques-

---

2. The Seventh Circuit remarked, in United States ex rel. McCline v. Meyering, 1934, 75 F.2d 716, 718, "[I]n the absence of an indictment, the act of Congress permits the certification of an affidavit."

tion whether he stands substantially charged with crime. The indictment, which must control our answer, is undoubtedly such a charge.

Bruzaud further says the District Court erred in finding as a fact that he was in Pennsylvania on July 8,. 1952, when the crime is alleged to have been committed. As to that, the evidence was conflicting. The complaining witness said he was there. Appellant said he was not, and introduced other evidence tending to corroborate his denial. The Supreme Court said in Munsey v. Clough, 1905, 196 U.S. 364, 375, 25 S.Ct. 282, 285,

"* * * But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused."

We cannot agree with the appellant's contention that the testimony of Hausrath, the complaining witness, on the subject should be disregarded. He says Hausrath perjured himself by swearing on June 25, 1952, that the crime was committed July 8, 1952; that, with Hausrath so discredited, the only credible evidence was his own and that of his witnesses, which constituted clear and satisfactory proof that he was not in the demanding state on the date alleged. In those circumstances, appellant argues, there was no conflict in the evidence on the subject and under our holding in Young v. Matthews, 1949, 84 U.S. App.D.C. 345, 174 F.2d 35, he cannot be held to be a fugitive.

Hausrath cannot be so lightly convicted of perjury. Obviously he did not make the date entries on the jurat, the warrant and the docket. The district judge who heard the testimony and observed the demeanor of all the witnesses accepted Hausrath's statement over those to the contrary, and found as a fact that Bruzaud was in Pennsylvania on July 8, 1952. We cannot disturb that finding.

The trial judge having correctly ruled as a matter of law that Bruzaud was substantially charged with crime in Pennsylvania, and having decided on sufficient evidence that he was in that Commonwealth on the critical day, the writ of habeas corpus should have been, as it was, discharged.

Affirmed.