**Frank A. GIBSON, Appellant,**

v.

**Carlton G. BEALL, Appellee.**

**No. 13793.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 16, 1957.

Decided Oct. 10, 1957.

See also, D.C.D.C., 147 F.Supp. 591.

Mr. Joseph A. Rafferty, Jr., Washington, D. C., for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Fred L. McIntyre, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's dismissal of appellant's habeas corpus petition challenging the validity of an order extraditing him to Virginia. The point urged is that the District Court erred in considering Government evidence which was not before the Chief Judge of the District Court, acting as the chief executive, in the extradition proceeding. We think the point is not well taken.

The extradition order is based on summary executive action. There are no strict rules of evidence—it need only satisfy the extraditing officer—and there is no right to notice or hearing. Marbles v. Creecy, 1909, 215 U.S. 63, 68, 30 S.Ct. 32, 54 L.Ed. 92; Munsey v. Clough, 1905, 196 U.S. 364, 372, 25 S.Ct. 282, 49 L.Ed. 515; Lee Won Sing v. Cottone, 1941, 74 App.D.C. 374, 379, 123 F.2d 169, 174. It is therefore left to the habeas corpus proceeding, in which the validity of the extradition proceeding is challenged, to provide the forum for both sides to present evidence on matters relevant to the validity of the extradition order, Johnson v. Matthews, 1950, 86 U.S.App.D.C. 376, 378, 182 F.2d 677,

15. See comment and cases collected, 20 Am. Jur., Evidence, § 141 (1939).

679, even though such evidence was not considered by the Chief Judge acting as the chief executive. We are aware of no authority limiting this proposition.

Affirmed.