**Johnette MONCRIEF, Appellant,**

v.

**Sam A. ANDERSON, Appellee.**

**No. 19111.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 1, 1965.

Decided June 22, 1965.

Petition for Rehearing En Banc
Denied Jan. 12, 1966.

Wright, Circuit Judge, dissented.

Mr. Louis M. Kaplan, Washington, D. C. (appointed by this court), for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Oscar Altshuler, Asst. U. S. Atty., were on the brief, for appellee. Messrs. David W. Miller and Max Frescoln, Asst. U. S. Attys., also entered appearances for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and TAMM, Circuit Judges.

PER CURIAM.

JUDGMENT

THIS CAUSE came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

ON CONSIDERATION WHEREOF It is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause be, and it is hereby, affirmed.

WRIGHT, Circuit Judge (dissenting).

On a prior appeal, this case was remanded for an evidentiary hearing on

---

appellant's application for writ of *habeas corpus*, filed *pro se* and *in forma pauperis*, seeking release from detention based on an extradition warrant from the State of Mississippi. The warrant arose out of an indictment charging appellant with an eighty-five-dollar burglary of Pee-wee's Garage in Moss Point, Mississippi. In his *habeas corpus* application appellant denied that he was in Mississippi on March 14, 1963, the date of the alleged crime, and asserted that, therefore, he could not be a fugitive from that state on this charge. In remanding we stated:

> "The presence of the demanding state's indictment alone, however, is not necessarily conclusive evidence of fugitivity. It raises a presumption of fugitivity which will not be disturbed except *on clear and convincing proof* to the contrary. Lee Won Sing v. Cottone, 74 App.D.C. 374, 123 F.2d 169 (1941). But the presumption may be overcome. See Richards v. Matthews, 93 U.S.App. D.C. 70, 207 F.2d 227 (1953)." Moncrief v. Anderson, 119 U.S.App. D.C. 323, 325, 342 F.2d 902, 904 (1964). (Emphasis added.)

In the hearing on remand, the State of Mississippi rested solely on the formal extradition papers, which included a certified copy of the indictment. Appellant testified that he had left Mississippi in the early part of March, 1963, and arrived in Washington after a two-day drive by automobile. Here he found work, and he produced as a witness the person who employed him. This witness, however, while testifying that he did employ appellant in March, 1963, was unable to provide the exact date on which that employment began. Appellant also produced two witnesses who testified that they saw him in Washington in March,

1963, on the day one Reese, appellant's roommate in Washington, came out of the hospital. The witnesses were uncertain as to the exact date, but hospital records were introduced which proved that Reese was released from the hospital here on March 14, 1963.

At the close of the hearing on remand, the trial court, after stating that the fact question presented was "close" and "difficult," nevertheless found that the presumption of fugitivity created by the Mississippi indictment had not been overcome by clear and convincing evidence.

It is true appellant's proof of his presence in Washington on March 14, 1963, was not supported by any formal records other than those from the hospital. It is true, too, that the witnesses, including appellant himself, were not as definite as they might have been as to the precise dates of events which occurred almost two years prior to their testimony. But the very fact that the testimony was not sharp and precise lends credibility. In fact, in these circumstances it would have been quite remarkable had the testimony been otherwise. Appellant's witnesses obviously do not operate from desk calendars or date books, so the fact that they were relegated to fixing dates of events by reference to other events is completely understandable.

Appellant's proof, while not beyond a reasonable doubt, was clear and convincing enough, to me at least, to require the State of Mississippi to come forward with some proof of its own.[1] This has been the practice in *habeas corpus* cases in the District of Columbia where a party resisting extradition has offered substantial evidence that he was not in the demanding state at the time the crime was alleged to have been committed.[2]

---

1. "This court [has] ruled, in Hayes v. Palmer, 21 App.D.C. 450, 461, that if the person sought offered proof showing with precision that he had left the demanding state before the date of the alleged crime, it would then devolve upon the person detaining him 'to show that he was a fugitive from justice by producing evidence that he was in the state at the time charged in the indictment \* \* \*.' \* \* \*" Levy v. Splain, 50 App.D.C. 31, 33, 267 F. 333, 335 (1920).

2. Stumpf v. Matthews, 90 U.S.App.D.C. 177, 195 F.2d 35 (1952); Young v. Matthews, 84 U.S.App.D.C. 345, 174 F. 2d 35 (1949); Wellman v. Moore, 76 U.S. App.D.C. 175, 130 F.2d 438 (1942); Lee Won Sing v. Cottone, 74 App.D.C.

I see no reason why this practice was not followed here. Moss Point, Mississippi, is perhaps a thousand miles from Washington. Transporting an indigent defendant that distance away from his witnesses to a possibly hostile atmosphere on an eighty-five-dollar burglary charge is not, in my judgment, an action to be taken lightly.

I respectfully dissent.

374, 123 F.2d 169 (1941); Ellison v. Splain, 49 App.D.C. 99, 261 F. 247 (1919); compare Bruzaud v. Matthews, 93 U.S.App.D.C. 47, 207 F.2d 25 (1953); Fowler v. Ross, 90 U.S.App.D.C. 305, 196 F.2d 25 (1952); In re Gibson, D.D.C., 147 F.Supp. 591, affirmed, 101 U.S.App. D.C. 397, 249 F.2d 489 (1957).