Miguel RIVERA v. STATE of Arkansas

CA 85-383                                               717 S.W.2d 493

Court of Appeals of Arkansas
Division I
Opinion delivered October 15, 1986
[Rehearing denied November 12, 1986.]

*Gean, Gean & Gean*, by: *Lawrence W. Fitting*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Miguel Rivera appeals from an order dismissing his petition for writ of habeas corpus testing the validity of a governor's warrant for his extradition to the State of New York. He contends that the trial court erred in its order by admitting and considering written hearsay statements of the officials of the State of New York and testimony of a police officer as to statements made by the appellant to him prior to appellant receiving his *Miranda* warnings, and that the competent evidence was insufficient to prove he was the person named as the fugitive in the warrant issued out of the State of New York. We find no error.

The conditions and circumstances under which our

governor may issue a warrant for extradition are set forth in Ark. Stat. Ann. § 43-3001 et seq. (Repl. 1977). The act of honoring a requisition from a foreign state by the executive branch of this state is a summary one conditioned on the governor finding that the documents presented by the demanding state meet the requirements of our statute. Once the governor has honored the requisition, the circuit court can consider a petition for habeas corpus for only two purposes—to establish the identity of the accused and to determine whether he is a fugitive. *Wilkins* v. *State*, 258 Ark. 578, 528 S.W.2d 382 (1975). The appellant does not contend that the documents forwarded from the State of New York did not meet our statutory requirements. He contends that his fugitive status was established by inadmissible hearsay and that the competent evidence was insufficient to prove the fact that he was the person named in the New York documents. We find no error.

On August 22, 1984, a police officer stopped the appellant on the streets of Fort Smith, Arkansas, to inquire of him about matters unrelated to these proceedings. After determining that the appellant was not the party he sought, the officer returned to the police station and ran a computer check on him. From this source it was learned that there were outstanding warrants for appellant in the State of New York and that he had been declared a fugitive. The computer readout furnished a physical description of the appellant and a nickname by which he had been known in New York. The officer again stopped the appellant and informed him of the information he had received. He asked appellant if he had ever been known by the nickname contained in the computer readout. Appellant acknowledged that he had been known by that name and admitted that he was from the State of New York. He stated that he had at one time been involved in narcotics, but had not been so engaged in recent years. He was taken into custody and the statutory documents were forwarded from New York to the State of Arkansas where the warrant for extradition was issued.

At the habeas corpus hearing, the police officer testified as to the circumstances under which the arrest was made, the information received on the computer readout, and his conversation with the appellant at the time of his arrest. There were also introduced copies of sworn and unsworn statements of the New York police

officers who identified a photograph of the appellant as the person named in the indictment and outlined the circumstances leading up to appellant's arrest in New York and his flight from that state. There was also a statement from a fingerprint expert in the State of New York that he had compared appellant's fingerprints forwarded to him from Fort Smith with those on file in New York and found that the appellant and the person named in the New York indictment were one and the same. The statement also confirmed that the person named in the New York indictment had the same tatoos and other identifying body marks as the person in custody in Fort Smith.

The appellant argues that the statements of the police officer of the evidence surrounding his arrest violated his Fifth Amendment right against self-incrimination, and that the consideration by the court of hearsay testimony denied him the rights of confrontation and due process. We do not agree.

The Uniform Rules of Evidence do not apply to proceedings for extradition or rendition. Unif. R. Evid. 1101(b)(3). An extradition proceeding is not a criminal trial in which the guilt or innocence of an accused is adjudicated. The purpose of the hearing is simply to determine whether the evidence of the fugitive's criminal conduct is sufficient to justify his extradition and strict rules of evidence are not applicable. Unsworn statements of an absent witness may be considered and there is no inherent right to confrontation and cross-examination of witnesses. The exclusionary rule is not applicable in such proceedings. *Collins* v. *Loisel*, 259 U.S. 309 (1922); *Bingham* v. *Bradley*, 241 U.S. 511 (1916); *Simmons* v. *Braun*, 627 F.2d 635 (2nd Cir. 1980); *Gibson* v. *Beall*, 249 F.2d 489 (D.C. Cir. 1957). We find no error.

Affirmed.

COOPER, J., and WRIGHT, Special Judge, agree.