[No. 4607.]
## JAMES THOMPSON *v*. JOHN HANCOCK.

APPEAL FROM JUDGMENT.—Section 959 of the Code of Civil Procedure does not forbid the hearing of an appeal from a judgment, unless there is a bill of exceptions.

BILL OF EXCEPTIONS.—When a question on appeal is, "Do the findings sustain the judgment?" a bill of exceptions is not necessary.

DECISION OF COURT.—The "decision" to be excepted to in section 956 of the Code of Civil Procedure applies to the findings of fact.

WHEN EXCEPTION REQUIRED.—No exception is required to a final judgment, but the exception to be taken to the decision of the court is an exception to the findings of fact, which ordinarily is based on the insufficiency of the evidence to sustain the findings.

SALE OF SIXTEENTH AND THIRTY-SIXTH SECTIONS OF STATE LANDS.—There is nothing in the Political Code which prohibits the sale of a sixteenth or thirty-sixth section to one who has contracted to convey to another a part of the land.

A CONTEST arose in the State Land Office between the plaintiff and the defendant in regard to the right to purchase the northwest quarter of section sixteen, township one south, range fourteen west, San Bernardino meridian, which was referred to the court. The defendant was the prior applicant, but the court found as a fact that Hancock's application to purchase, so far as it applied to the north half of the quarter-section, was made under an agreement between Hancock and one Nichols; that Hancock was to purchase it for the benefit and use of Nichols, and was to convey it to him as soon as purchased. The court held that this agreement prevented Hancock from purchasing said north half, and rendered judgment permitting Hancock to pur-

chase the south half, and the plaintiff the north half.    The defendant appealed on the judgment-roll containing the pleadings and findings of fact.

*C. G. W. French and Henry Hancock*, for the Appellant.

*Glassell, Chapman & Smith, and S. Haley*, for Respondent.

By the COURT:

Respondent is in error with respect to the effect of section nine hundred and fifty of the Code of Civil Procedure.    That section does not forbid the hearing of an appeal from a judgment, unless there should be a bill of exceptions, but only provides that the court shall be furnished with a copy of any bill of exceptions upon which the appellant relies.

Nor (when the question is, "Do the findings sustain the judgment?") is a bill of exceptions rendered necessary by section nine hundred and fifty-six.    Although a verdict or decision is *deemed* to be excepted to (Sec. 646), it may be assumed, for the purposes of this case only, that the exception must subsequently be reduced to writing, and settled. Still, the word "decision," placed as it is in apposition to the word "verdict," is manifestly intended to apply to the findings of fact, and these are not objected to in the present case, but, on the contrary, are claimed to be correct; the appellant relying for a reversal of the judgment on the proposition that it is not a legitimate conclusion from the findings of fact.    The Code certainly requires no exception to the final judgment, but at the most requires that a bill shall be filed, setting forth the exception to the findings of fact; and such exception must ordinarily, if not always, be based on the insufficiency of evidence to sustain the findings.

There is nothing in section three thousand four hundred and ninety-five of the Political Code which prohibits the sale of any portion of a sixteenth or thirty-sixth section, belonging to the State, to one who has contracted to convey to another a part of the land so acquired.

Judgment reversed.