[Department One. — August 28, 1883.]

## WILLIAM T. WILSON, APPELLANT, *v.* ELLEN M. WILSON, RESPONDENT.

APPEAL — ERROR — BILL OF EXCEPTIONS. — On an appeal from a judgment, the appellate court will not consider an error not appearing upon the judgment roll, unless it is made a part of the record by a bill of exceptions.

ID. — OPINION. — The opinion of the judge of the trial court is not a part of the record.

PRACTICE — TRIAL BY COURT — REQUEST FOR FINDINGS OF LAW. — In a trial by a court without a jury, a party desiring a particular application of a principle of law to facts established, or sought to be established, should present his proposition to the court, and request a finding in accordance with his desire. If refused he may have the refusal noted in a bill of exceptions.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

*Grove L. Johnson, Henry Edgerton,* and *Robert T. Devlin,* for Appellant.

*Freeman & Bates,* and *A. L. Hart,* for Respondent.

McKEE, J. — In this case the only issue presented to the court for trial and determination was, whether a transaction which took place between the parties on the 26th of November, 1875, was intended as a mortgage or a conditional sale. By its finding, filed pursuant to sections 632, 633, Code Civil Procedure,

the court decided that the transaction was a conditional sale, and gave judgment for the defendant. The finding was made upon conflicting evidence, but the evidence was sufficient to sustain the finding, and the finding was sufficient to sustain the judgment.

It it contended, however, that the facts found did not warrant the conclusion drawn from them, and that the judgment entered thereon is erroneous. This contention is not founded upon the record of the case; for while the notice of motion for a new trial designated, as ground upon which the motion would be made, that "the decision is against the law," the specification of error is that "the court erred in rendering judgment for defendant, because the opinion of the court shows conclusively that the judgment should have been in favor of plaintiff."

This specification concedes the facts as found by the court; and as the court found that the deed and agreement in writing, executed by the parties on the 26th of November, 1875 (which the plaintiff alleged were intended and understood as a mortgage to secure an indebtedness due by him to the defendant), "were not intended or understood by the parties thereto, or either of them, to be, or to constitute a mortgage to secure any sum whatever, and the same did not constitute a mortgage," it necessarily followed, as a conclusion of law, that the defendant was entitled to judgment, and the plaintiff was not. Judgment was therefore properly entered for the defendant, upon a conclusion of law legitimately drawn from the facts found.

Where a conclusion of law is not legitimately drawn from a finding of facts, it may be reviewed without a bill of exceptions. (*Thompson* v. *Hancock*, 51 Cal. 110.) Such an error, if it exists, is apparent upon the judgment roll. But if the conclusion be legitimately drawn from the facts as found, there is not, in that regard, any error apparent on the judgment roll; and if anything has occurred, on the trial and determination of a cause, which shows that the decision by the court was erroneous, and is not made by law part of the judgment roll, it must be brought into the record of the case by a bill of exceptions. If it is not made part of the record by a bill of exceptions, or by some other mode sanctioned by law, it is not reviewable by the appellate court.

Here the matter or thing to which the appellant objects is an opinion delivered by the court below, in rendering judgment, which, it is contended, shows that the court reached its conclusion by the erroneous application of a principle of law to the evidence in the case. But the appellant did not except to the opinion, nor did he move, upon any grounds of law or fact, for a decision by the court upon, what he considered, the principle of law applicable to the case; nor did he resort to any other mode known to the law for making the opinion part of the record. In *Touchard* v. *Crow*, 20 Cal. 163, the court said: "If counsel, when a case is tried by the court without a jury, desire to present for consideration certain points of law as applicable to the facts established, *or sought to be established*, upon which the court might be called to charge a jury, were there a jury in the case, the proper course is to present them in the form of propositions, preceding them with a statement that counsel makes the following points, or counsel contends as follows." And in *Griswold* v. *Sharpe*, 2 Cal. 24, it is said: "In all cases where the judge below tries the facts of a case, the proper mode of reserving the questions of law arising upon the facts, is to ask the court to decide the law as counsel may desire; and upon a refusal, to have it noted in the bill of exceptions." Neither that course, nor any other known to the law, was taken to make the opinion, or the alleged principle upon which it was based, part of the record in the case. The opinion has therefore no place in the record and cannot be considered. (*McClory* v. *McClory*, 38 Cal. 575; *Hidden* v. *Jordan*, 28 Cal. 305; *Houston* v. *Williams*, 13 Cal. 24; *People* v. *Reynolds*, 11 Pac. C. L. J. 570.)

Judgment and order affirmed.

Ross, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.