[Civ. No. 437.   Second Appellate District.—December 5, 1907.]

## FRANKLIN R. SPENCER, Respondent, v. J. O. Mc-CAMENT, Appellant.

APPEAL—REVIEW—OPINION OF TRIAL JUDGE.—The opinion of the trial judge constitutes no part of the record upon appeal; and assuming the reasons assigned for his rulings to be erroneous, error cannot be predicated thereon.

SPECIFIC PERFORMANCE—CONTRACT OF SALE—DEFENSE—REFORMATION —CONTEMPORANEOUS ORAL AGREEMENT—OPINION—EVIDENCE—FINDING.—In an action for specific performance of a contract to convey real estate, where the defendant sought a reformation of the contract in omitting therefrom by alleged mistake a contemporaneous oral agreement, whatever opinion the trial court may have entertained as to the propriety of admitting testimony of such contemporaneous oral agreement, it is sufficient that the record shows that all evidence offered in support thereof was received, and that the same was contradicted by the plaintiff, and that a finding was made thereon for the plaintiff.

ID.—PERFORMANCE OF CONTRACT BY PLAINTIFF—CONDITION AS TO REMOVAL OF MILL—EXTENSION OF TIME—ESTOPPEL—DENIAL OF NONSUIT.—Where the testimony for the plaintiff made out a *prima facie* case showing that he had fully complied with the contract of sale on his part, within the limits allowed in the contract, except as to a condition of the removal of a planing-mill within thirty days, but as to that the evidence showed that, six days before the expiration of such time, defendant, at plaintiff's request, extended the time for such removal, and that plaintiff relied upon such extension and removed the mill within the extended time, after the lapse of the thirty days, the defendant was thereby estopped from exacting a strict performance of such condition, and his motion for a nonsuit was properly denied.

ID.—PAYMENT OF MONEY TO AGENT OF DEFENDANT—DEPOSIT TO DEFENDANT'S CREDIT—NOTICE.—Where the purchase had been made through an agent for the defendant, and a portion of the purchase money was paid to such agent, it is immaterial whether the agent was authorized to receive the money or not, where it appears that he deposited the same in bank to defendant's credit, of which fact defendant had notice.

ID.—SUBSTANTIAL CONFLICT OF EVIDENCE—SUPPORT OF FINDINGS.— Where there is a substantial conflict of evidence as to all of the issues, the findings of the trial court thereon must be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

C. M. Simpson, and H. G. Simpson, for Appellant.

D. Z. Gardner, and Thos. L. Neal, for Respondent.

SHAW, J.—This is an action to enforce specific performance of a contract to convey real estate. Judgment was rendered for plaintiff, from which, and an order denying his motion for a new trial, defendant prosecutes this appeal.

The contract, dated November 9, 1905, is set out *in haec verba* in the complaint. The consideration for the purchase was $1,350. The sum of $50 was paid upon execution of the contract, which provided that $100 was to be paid upon the execution and delivery of a good and sufficient deed, and $600 on or before one year from date, and $600 on or before two years from date. It was also provided that if the remaining payments be not made according to this agreement and contract, the above-mentioned deposit of $50 should be forfeited without recourse. The contract also contained the following clause: "This sale is on the condition that the planing-mill and appurtenances shall be moved from the north side of Center street within 30 days."

Plaintiff alleges that on December 7, 1905, he paid the $100 mentioned in the contract and duly performed on his part all of the conditions of said contract, but that defendant refuses to make the conveyance of the property in accordance with said contract. The answer denies the payment of $100; denies that plaintiff removed said planing-mill within thirty days, as agreed, and sets up affirmative matters to the effect that there was made contemporaneously with said written contract an oral agreement, whereby plaintiff covenanted, as a part of the consideration for said purchase, that he would erect and operate said planing-mill upon the land so purchased, provided he could obtain a license so to do from the proper city authorities. It is further alleged that this part

of the agreement relating to the erection and operation of the said planing-mill upon the lands purchased was, through inadvertence and mistake, omitted from the written contract, and defendant asks that the contract be reformed by inserting the same therein, and alleges that plaintiff has not erected and operated said planing-mill upon said land so agreed to be conveyed.

1. The opinion of the trial judge, to which appellant devotes a great part of his argument, constitutes no part of the record on appeal. Assuming the reasons assigned for his rulings to be erroneous, error cannot be predicated thereon. (*Higgins* v. *Los Angeles Ry. Co.,* 5 Cal. App. 748, [91 Pac. 344].) Whatever views the trial court may have entertained with reference to the propriety of admitting testimony in support of the alleged contemporaneous oral agreement and its omission from the written contract, it nevertheless appears from the record that all evidence offered in support thereof was received, and that such testimony was contradicted by the plaintiff, and a finding made thereon.

2. There was no error in denying defendant's motion for nonsuit. The testimony on behalf of the plaintiff made out a *prima facie* case showing that he had fully complied with the provisions of the written contract, as set out in his complaint, except as to the provision relating to the removal of the planing-mill within thirty days. Upon this point the evidence shows that defendant had some six days before the expiration of the time, at plaintiff's request, extended the time within which to make the removal, and that plaintiff relied upon the extension so granted, and did not remove the mill until several days after the thirty day period had expired. This was sufficient to constitute an estoppel against defendant from exacting a strict performance of the contract in this respect.

3. The $100 called for in the contract was paid to one Wilson, who signed a receipt therefor as agent of defendant. The purchase had been made through him, and the deposit of $50 paid to him. It seems immaterial, however, whether or not he was such agent, for it appears that he deposited the $100 in bank to defendant's account, of which fact defendant had notice.

There is a substantial conflict of evidence as to all the issues, and for that reason alone, if for no other, the conclusions of the trial court must be affirmed.

Judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.