[Civ. No. 3263.  First Appellate District, Division Two.—February 25, 1920.]

## CARL RAY, Respondent, v. AMERICAN PHOTO PLAYER CO. (a Corporation), Appellant.

[1] PLEADING — AMENDMENT AT OPENING OF TRIAL — DISCRETION OF TRIAL COURT.—The matter of permitting amendment of a pleading at the opening of a trial is one largely within the discretion of the trial court; and in this action to rescind a contract for the sale of an organ, the court did not abuse its discretion in denying the defendant's request for leave to file an amendment to its answer whereby it sought to set up a special defense in the nature of a plea in abatement, alleging in substance that the name used by the plaintiff was not his real name.

[2] NAME—CHANGE OF—COMMON-LAW RULE.—Under the common law a man may change his name at will and may sue or be sued in any name by which he is known and recognized.

[3] ID.—COMMON-LAW RULE NOT AFFECTED BY CODE SECTIONS — ADOPTED NAME NOT FICTITIOUS.—The purpose of the provisions of sections 2466 and 2468 of the Civil Code, relating to persons transacting business in this state under a fictitious name, is to prevent fraudulent trading; but those sections add nothing to the requirements of the common law regarding a man taking a new and genuine name. If he changes his name and uses and is known by the new name in all his affairs, it becomes his legal name, and it follows that it is not then fictitious.

[4] CONTRACTS—PURCHASE OF ORGAN—DELAY IN INSTALLATION—REFUSAL FOR UNREASONABLE PERIOD—RESCISSION.—In an action to rescind a contract for the sale of an organ because of the failure and refusal of the defendant to place it in a condition to be operated, a statement by defendant concerning the date when performance was promised is immaterial where performance of the contract was refused and the refusal was persisted in for an unreasonable period, such as in this case where more than a year had elapsed.

2.  Right to change name, notes, 18 **Ann. Cas.** 704; **Ann. Cas.** 1914D, 427; 14 **L. R. A.** 692.

3.  What names or designations are within statutes requiring the filing of a certificate giving certain information regarding a business conducted under an assumed or fictitious name, or a designation not showing the names of the persons interested, note, **L. R. A.** 1916D, 355.

4.  Right to rescind contract for default, note, 30 **L. R. A.** 33.

[5] PLEADING—AMENDMENT TO CONFORM TO PROOF.—Amendments of pleadings at the close of the trial to correspond with the evidence are proper.

[6] CONTRACTS—PAYMENT BY PLAINTIFF AFTER DEFAULT OF DEFENDANT—DELAY IN RESCINDING—ESTOPPEL.—Where, after defendant had failed to install the organ and place it in a condition to be operated within the time prescribed in the contract with plaintiff, its agent induced plaintiff to make a further payment on account and promised that the instrument would be placed in a condition satisfactory to plaintiff, this promise being evidenced by a statement written in the receipt for the money, defendant cannot say that plaintiff waived his right to rescind by making such payment and by failing to rescind promptly.

[7] PRINCIPAL AND AGENT—ACCEPTANCE OF BENEFITS—ESTOPPEL.—A principal may not take the benefit of a transaction of his agent on behalf of the principal, and deny the authority of the agent. The retention of the benefit constitutes a ratification of the act of the agent.

[8] FINDINGS—IMPUGNMENT OF—REMARKS OF JUDGE.—The findings of the court cannot be impugned by reference to oral and perhaps slightly considered statements of the judge upon a single question arising during the progress of a trial.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. Ringolsky, H. A. I. Wolch, Martin L. Haines and Andreani & Haines for Appellant.

Allison & Dickson and Fred W. Morrison for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment against it by which a contract for the sale of an organ with piano attachment was declared rescinded. The plaintiff was also given judgment for money he had paid on account of the stipulated purchase price of the instrument.

[1] At the opening of the trial the defendant's request for leave to file an amendment to its answer was denied, and this is assigned as error. The defendant had dealt with the plaintiff as Carl Ray. The suit was brought in that name. By the proposed amendment the defendant sought to set up a special defense in the nature of a plea in abatement, alleging in substance that Carl Ray was not the real name of

the plaintiff. Notwithstanding the ruling on the motion to amend, during the cross-examination of the plaintiff he was asked: "What is your real and true name?" He stated that it was Melvin Barringer. He was then asked: "The name of Ray is not your real name?" He replied that it had been for fourteen years. Later, being interrogated further on the subject, he said he had used the name of Ray for fourteen years and during that time he had never used the name of Barringer for any purpose whatever, "only in marriage." He was married under that name "years ago"— "several years ago." He was asked if he was not divorced under the name of Barringer, but objection being made, he was not permitted to answer. There was no attempt to show that at the time the contract in suit was made or during the period between that date and the time of the trial the plaintiff had ever passed or was known to anyone under any name but that of Ray. A number of witnesses were called on both sides of the case and all referred to him as Mr. Ray. One of them was Mrs. Ray. Another had known him for ten years and had been employed by him before the plaintiff came to California. The matter of permitting amendment at the opening of the trial was one largely within the discretion of the court, and upon the record it cannot be said this discretion was abused. If there was error in the ruling, it does not appear that the defendant was injured, for it was afforded an opportunity to go into the matter of the plaintiff's name. In the absence of other evidence on the subject, it is bound by his answer that Ray had been his name for fourteen years. The statement that he had been married under the name of Barringer a number of years before is not necessarily at variance with the direct statement. He may not and probably did not have any decree of court changing his name, and it is not strange that in marrying he used his former name under the belief that this was necessary. There is no evidence that he was known by any other name than Ray, or transacted any business, or used in any way either before or after his marriage any name different from that in which he contracted with the defendant and in which be sued. **[2]** Under the common law a man may change his name at will and sue or be sued in any name by which he is known and recognized. (*Linton* v. *First Nat. Bank,* 10 Fed. 894; *Graham* v. *Eiszner,* 28 Ill. App. 269; *Emery* v. *Kipp,* 154 Cal. 83, 86, [129 Am. St. Rep. 141, 16 Ann. Cas.

792, 19 L. R. A. (N. S.) 983, 97 Pac. 17].) "The name is not the person but only the means of designating the person." (*Blinn* v. *Chessman,* 49 Minn. 140, [32 Am. St. Rep. 536, 51 N. W. 666].) "A man may lawfully change his name without resort to legal proceedings, but for all purposes the name thus assumed will constitute the legal name just as much as if he had borne it from birth." (*Christianson* v. *King County,* 196 Fed. 791, 799.) The defendant contends that by the amendment of sections 2466 and 2468 of the Civil Code in 1911 this rule of law has been modified in California. Those sections are in that part of the code dealing with partnerships. Before the amendment of 1911 a partnership doing business under a fictitious name or a designation not showing the names of the persons interested as partners was required to publish and file in the office of the county clerk a certificate showing the names of the partners, and failing in this they were not permitted to maintain a suit on the partnership's account. The reason for this regulation is plain, and it has been pointed out in a number of cases where the statute has been applied. By the amendments of 1911 the words "every person transacting business in this state under a fictitious name and" were inserted in section 2466 before the words "every partnership," and a corresponding change was made in section 2468 relating to the maintenance of suits by those who failed to make the certificates in accordance with the provisions of section 2466. [3] The purpose of these provisions is to prevent fraudulent trading. If a man, for instance, living in a community under the name of John Smith and known to his neighbors by that homely name should make a single contract or carry on a business under another name, he would be using a fictitious name within the meaning of the statute, and might not be permitted to maintain an action on any transaction undertaken in the fictitious name without compliance with the requirements of the code. On the other hand, those sections add nothing to the requirements of the common law regarding a man taking a new and genuine name. If he changes his name and uses and is known by the new name in all his affairs, it becomes his legal name, and it follows that it is not then fictitious.

[4] It is said in the appellant's brief that there is some evidence to sustain the greater portion of the findings.

From those which are unattacked, or which are based on conflicting evidence, it appears that when the instrument was installed it could not be operated because of defects in its construction; that since July 23, 1917, the defendant has failed and refused to place it in a condition to be operated and refused to do any more work or make any repairs upon the instrument, and that at the time of the trial it was not in a condition to be played or operated. These findings are controlling upon appeal.

The court found that the contract provided, among other things, that the defendant should install the instrument by March 17, 1917. It was also found that it was not installed until May 14, 1917, but the further finding was made that the delay in installation between these dates was not unreasonable. The appellant rightly maintains that the contract only provided that the defendant should "make every effort to have the organ completely installed by March 17." The evidence showed that it was intended that the installation should take place by March 17th. Even under the technical contention of the appellant the contract required installation within a reasonable time, and the findings show not only that it was not installed in a condition to be operated at the time of the trial, which opened March 5, 1918, but that after July 23, 1917, the defendant refused to do anything toward fulfilling the obligations of the contract binding on it. The statement concerning the date when performance was promised is immaterial in a case where performance of a contract is refused and the refusal is persisted in for an unreasonable period.

[5] At the close of the trial the plaintiff was permitted to amend his complaint to correspond with the evidence. The findings are in accord both with the amendment and the evidence. Such amendments of pleadings are proper. [6] On April 2, 1917, the plaintiff paid to an agent of the defendant five hundred dollars the principal of a note given in part payment for the instrument. At that time in response to notice given by the plaintiff that it was unsatisfactory the agent of the defendant promised that the instrument should be placed in a condition satisfactory to the plaintiff. This promise was evidenced by a statement written in the receipt for the five hundred dollars. The appellant contends the authority of the agent to make the promise was not shown. The promise was but a reaffirmance of what

the defendant was obligated to do. The defendant received the money and by this appeal is resisting its repayment. [7] A principal may not take the benefit of a transaction of his agent on behalf of the principal, and deny the authority of the agent. The retention of the benefit constitutes a ratification of the act of the agent. The appellant contends that the plaintiff waived his right to rescind by making the payment he was induced to make by the new promise, and by failing to rescind more promptly. The defendant cannot rely upon delays which have been the result of indulgence it induced the plaintiff to extend to it. (*Woodard* v. *Glenwood Lumber Co.*, 171 Cal. 513, [153 Pac. 951]; *Owen* v. *Pomona Land & Water Co.*, 131 Cal. 530, [63 Pac. 850, 64 Pac. 253].)

The appellant lastly contends that from remarks made by the judge before whom the case was tried, at the time the amendment of the complaint was under consideration, it may be deduced he could not have believed certain of the findings of fact he subsequently signed. [8] In the first place, there appears nothing inconsistent in the two statements when the entire record is considered, and in the second place the findings of the court cannot be impugned by reference to oral and perhaps slightly considered statements of the judge upon a single question arising during the progress of a trial. (*Wilson* v. *Wilson*, 64 Cal. 92, [27 Pac. 861]; *Shively's Estate*, 145 Cal. 400, [78 Pac. 869]; *Estate of De Laveaga*, 165 Cal. 607, [133 Pac. 307]; *Spencer* v. *McCament*, 7 Cal. App. 84 [93 Pac. 682]; *O'Connell* v. *Behan*, 19 Cal. App. 111, [124 Pac. 1038].)

Notice of rescission was given on September 11, 1917, and under the circumstances disclosed by the record it was given with reasonable promptitude. The judgment was for the money paid on account of the purchase price. Damages sought by the plaintiff were not allowed. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.