In re Frank A. GIBSON.

H. C. No. 117–56.

United States District Court
District of Columbia.

Jan. 7, 1957.

Joseph A. Rafferty, Jr., Washington, D. C., for petitioner.

Oliver Gasch, U. S. Atty., Fred L. McIntyre, Asst. U. S. Atty., Washington, D. C., for respondent.

KEECH, District Judge.

This case is before me on a petition for writ of habeas corpus by Frank A. Gibson, the Chief Judge of this Court having signed a warrant of arrest and an order to surrender upon requisition of the Governor of the State of Virginia, in connection with three indictments for obtaining money by false pretenses and grand larceny brought against the petitioner in Mathews County, Virginia, on July 15, 1946.*

At the requisition hearing only two witnesses testified, a Mr. William Soles and his wife, who identified the petitioner as the Frank A. Gibson who operated a building business in Mathews, Virginia, for approximately a year in 1946. The petitioner offered no evidence. No additional evidence was presented by either party at the hearing on the petition for writ of habeas corpus.

Upon a reading of the record before the Chief Judge in Requisition No. 8–56 and consideration of the argument of respective counsel before me, I find that the indictment charging petitioner with obtaining by false pretenses a check for $2,950 from John L. Moore and grand larceny of the same sum from the same person, both on "February ——, 1946," is a substantial charge of crime. I further find from the record at the requisition hearing that there has been adequate

---

\* The petitioner was released on bond pending filing of his petition for writ of habeas corpus.

identification of the petitioner as the person charged in the indictment. I am unable, however, to make the requisite finding of fugitivity, as the indictment fails to allege the date of commission of the offense and neither the record before the Chief Judge nor the proceedings before me have filled the void.

While it was held by our Court of Appeals in Stumpf v. Matthews, 90 U.S. App.D.C. 177, 195 F.2d 35, in considering a requisition based upon a similar indictment, that the missing date may be supplied at the habeas corpus hearing, no attempt has been made in this case to supply any date.

As stated in Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 711, 23 S.Ct. 456, 47 L.Ed. 657, the fact that the prosecution on trial of an indictment need not prove with exactness the commission of the crime at the very time alleged in the indictment is immaterial. Where extradition of a person is sought for commission of a crime within a demanding state, it is jurisdictional that the person have been in that state at the time the alleged offense was committed. In the absence of any allegation as to the date of the offense either in the indictment or other papers accompanying the request for requisition, or by testimony at the requisition or habeas corpus hearing, there is no prima facie case of fugitivity made by the warrant itself, and the usual presumption of fugitivity flowing from proof of the defendant's presence in the demanding state on the date of the offense and subsequent presence in another jurisdiction cannot arise.

Inasmuch as the indictment in the instant case charges commission of a crime within the State of Virginia, subsection (b) of § 23–401 of the District of Columbia Code, which permits extradition from the District of Columbia without a showing of fugitivity of a person charged with committing an act outside the demanding state which intentionally resulted in a crime in the demanding state, has no application.

As to the indictments charging offenses on "May ——, 1946," and "June ——, 1946," I hold that they fail to charge substantially a crime. The first count of each, which alleges obtaining of money by false pretenses, fails to state a misrepresentation of a past or present fact and is based upon a promise of future performance of a contract between petitioner and the complainant. While the second count of each indictment, a simple charge of grand larceny, standing alone substantially charges a crime, it is apparent from a reading of each indictment as a whole that the second count merely restates the false pretense charge of count one, which, under Virginia practice, may be indicted as larceny. Anable v. Commonwealth, 24 Grat. 563, 65 Va. 563, 566.

In view of the fact that only one of the indictments on which it is sought to extradite petitioner substantially charges a crime, and the further fact that all three of the alleged offenses were committed and the indictments brought more than ten years ago, it is peculiarly important that the date on which the offense is alleged to have been committed be supplied in accordance with the Stumpf rule, supra.

For the foregoing reasons, I will grant the petition for writ of habeas corpus and discharge the petitioner unless I am advised on or before Monday, January 14, 1957, that the Government stands ready to supply the date upon which the February, 1946, offense is alleged to have been committed. In the interval the defendant will be permitted to remain on bond.