Charles E. SMITH, Petitioner,

v.

STATE OF IDAHO and Paul W. Bright, Sheriff of Ada County, Idaho, Defendant.

Civ. No. 1-66-14.

United States District Court
D. Idaho, S. D.

March 22, 1966.

Allen R. Derr (appointed), Derr & Derr, Boise, Idaho, for petitioner.

Allan G. Shepard, Boise, Idaho, Atty. Gen. of Idaho, Merritt Allyn Dingle, Asst. Atty. Gen., Boise, Idaho, for State of Idaho, defendant.

Martin V. Huff, Pros. Atty. for Ada County, Idaho, for Paul W. Bright, Sheriff of Ada County, defendant.

McNICHOLS, District Judge.

The court has before it a Habeas Corpus proceeding arising out of an attempt by the State of Missouri to extradite the petitioner from the State of Idaho to answer a complaint charging first degree murder.

Charles E. Smith petitioned this court for issuance of a Writ of Habeas Corpus alleging, in essence, that he was being illegally and unconstitutionally imprisoned and restrained of his liberty in the Ada County, State of Idaho, jail by the Sheriff of that county. It was contended in the petition that such confinement was purportedly based on a Rendition Warrant of Extradition executed by the Governor of the State of Idaho. The validity of the Warrant was contested on the following statutory grounds:

1. That the petitioner was not a fugitive from justice, and that the petitioner was not in the State of Missouri on or about the 26th of October, 1961 (the time charged in the Complaint), or at any other time pertinent thereto.

2. That the instruments upon which the purported Warrant was issued did not substantially charge anyone of a crime under the laws of the State of Missouri and that the papers upon which said purported Warrant was issued were invalid and defective.

3. That the petitioner denied that he was the party sought and named.

Jurisdiction was alleged in this court on the authority of the provisions of Article IV, § 2, Constitution of the United States; 18 U.S.C. § 3182; and the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

Petitioner further plead an exhaustion of State remedies.

On the foregoing showing, a Writ of Habeas Corpus was issued directing the said Sheriff to produce the petitioner before this court on a day certain and to provide a written return showing the authority for the alleged restraint of the person of the petitioner.

By way of such return, the Sheriff made showing that he held the petitioner by authority of a Rendition Warrant issued by the Governor of the State of Idaho directing the Sheriff of Ada County to arrest and deliver the petitioner to the named authorized representative of the State of Missouri as a result of a certain extradition determination. The Sheriff further represented that petitioner had been, in the month of June, 1963, afforded a full and complete hearing, with the assistance of counsel, before the District Court of the Third Judicial District of the State of Idaho in and for Ada County; that said hearing dealt with the merits of an identical petition for Writ of Habeas Corpus which was then presented before the said District Court and that a decision thereon adverse to the petitioner had been the subject of an unsuccessful appeal to the State Supreme Court of the State of Idaho. It was further noted in the return that the United States Supreme Court had denied certiorari on proper application.

A hearing was held before this court on February 28, 1966; the Ada County

Sheriff was present and produced the petitioner who was represented by his counsel, Allen Derr, Esquire; the State of Idaho was represented by Allyn Dingle, Assistant Attorney General of Idaho, and defendant Sheriff by Martin Huff, Prosecuting Attorney of Ada County, State of Idaho.

The defendant Sheriff was sworn and testified that he had arrested and was holding the petitioner under the authority of a Rendition Warrant issued by the Governor of this State. The Warrant was identified and admitted into evidence. By stipulation, the transcript of evidence and Clerk's record in the case entitled "Charles E. Smith, Plaintiff, v. State of Idaho, Defendant, Habeas Corpus No. 14" in Ada County, State of Idaho, was made a part of the record as was a copy of the opinion of the Idaho Supreme Court, on appeal of the above entitled case, which opinion was found on June 11, 1965 and is reported at 89 Idaho 70, 403 P.2d 221. It was further agreed that the entire record presented before the United States Supreme Court was to be made a part of the record before this court; except that the petitioner reserved objection to the admission of any evidence of affidavits for the purpose of showing presence of the petitioner in the State of Missouri at the alleged time and proving identity of petitioner.

Counsel for the petitioner then sought a continuance to prepare and file a traverse of the return to the Writ of Habeas Corpus and the same was granted. Such traverse has been filed. In addition to reiterating the issues raised by the petition, the traverse seeks to open the door for the presentation of additional evidence over and above that presented in the state trial court. It is alleged that this is newly-discovered evidence. Petitioner also filed an application for leave to take a deposition, within twenty days, of a witness named Clay, whose testimony was not heard in the trial court.

On questioning by the court, counsel for the petitioner took the position that this court was obliged to hear the case de novo and should take additional evidence as presented. The attorneys for the State of Idaho and the defendant Sheriff rejected this position and urged that the court only look to the question of whether or not the petitioner had been afforded protection of his constitutional rights in the state proceedings.

Petitioner has been given an opportunity to make a showing that any part of the record of proceedings before the state court was inaccurate, incomplete, or otherwise faulty, as presented in this court. It is conceded by the petitioner that a complete and accurate record of the state court action is presently before this court, including the entire record presented to the United States Supreme Court.

I find nothing in the law, either statutory or by court decision, which grants, to an alleged fugitive from justice, an absolute right to relitigate state extradition proceedings in the federal courts. Conversely, it is well established that jurisdiction exists (indeed the duty exists) for the retrial of state matters on Writ of Habeas Corpus where the applicant did not receive a full and fair evidentiary hearing in the state court with findings made on the relevant facts and proper legal standards applied thereto. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

In evaluating the state process here under review, it must be kept in mind that the guilt or innocence of the petitioner is not being determined. Further, it must be assumed that in the event the petitioner is returned to the State of Missouri, he will be granted, by that state, a trial before a fair and impartial tribunal with full protection of his constitutionally guaranteed rights.

It is thus to be appreciated that the determination of this court is not a final adjudication over the future of the petitioner—but is only a consideration of the propriety of delivering him from one state to another for the purpose of affording the petitioner, and society, a full scope judicial determination of the ultimate issue.

The constitutional provision governing extradition between states is found in Art. 4, Sec. 2, United States Constitution:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

18 U.S.C.A. § 3182 is the codification of this constitutional mandate:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

Long ago (1917) the United States Supreme Court explained the constitutional rationale of interstate extradition of accused persons. The language from Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193, is worth quoting at this point:

"The provision of the federal Constitution quoted (Art. 4, Sec. 2), with the change of only two words, first appears in the Articles of Confederation of 1781, where it was used to describe and to continue in effect the practice of the New England colonies with respect to the extradition of criminals. (citing case) The language was not used to express the law of extradition as usually prevailing among independent nations but to provide a summary executive proceeding by the use of which the closely associated states of the Union could promptly aid one another in bringing to trial persons accused of crime by preventing their finding in one state an asylum against the processes of justice of another. (citing case) Such a provision was necessary to prevent the very general requirement of the state Constitutions that persons accused of crime shall be tried in the county or district in which the crime shall have been committed from becoming a shield for the guilty rather than a defense for the innocent, which it was intended to be. Its design was and is, in effect, to eliminate, for this purpose, the boundaries of states, so that each may reach out and bring to speedy trial offenders against its laws from any part of the land.

"Such being the origin and purpose of these provisions of the Constitution and statutes, they have not been construed narrowly and technically by the courts as if they were penal laws, but liberally to effect their important purpose, with the result that one who leaves the demanding state before prosecution is anticipated or begun, or without knowledge on his part that he has violated any law, or who, having committed a crime in one state, returns to his home in another, is nevertheless decided to be a fugitive from justice within their meaning. (citing cases)

"Courts have been free to give this meaning to the Constitution and statutes because in delivering up an accused person to the authorities of a sister state they are not sending him for trial to an alien jurisdiction, with laws which our standards might condemn, but are simply returning him to be tried, still under the protection of the federal Constitution but in the

manner provided by the state against the laws of which it is charged that he has offended."

It is in this perspective that the court feels it must approach the matter. The entire state record, including all original exhibits, is before me and I have perused the same with care. Preliminarily, I determine that the identical issues raised in this Habeas Corpus proceeding were before the state trial court and were exhaustively briefed and presented to the highest appellate court of the state. The same issues were likewise presented in the abortive attempt to obtain certiorari from the United States Supreme Court. State remedies have clearly been exhausted.

The defendant Sheriff has made out a prima facie case in this court for authority to restrain the petitioner.

■ An examination of the record shows that, for the purpose of extradition proceedings, the evidence presented to the trial court constituted a full evidentiary hearing on all of the issues there present and herein raised. While the evidence was in conflict as to the presence of the petitioner in the State of Missouri at the time alleged in the charging papers, the determination of the conflicting evidence adverse to the petitioner is not clearly erroneous and the decision of the trial court is supported by substantial and competent evidence. Correct legal principles as to the sufficiency of the warrant and the admissibility of affidavits to prove identity and presence in the charging state were applied.

Each of the points herein raised were again carefully considered by the Supreme Court of the State of Idaho and in a thoughtful opinion the law applied by the trial court was sustained.

■ I am constrained to the view that the petitioner's constitutional rights were fully protected by a full and fair evidentiary hearing in the state court in which findings on all relevant issues, sustained by competent evidence, were made adverse to the petitioner and that such findings were weighed and considered in the light of proper legal standards.

■■ Such being the case, this court should not, and will not, retry the issues. As to the so-called newly-found evidence, this can well be presented at the time of trial of the petitioner in the State of Missouri, assuming that he is therein brought to trial. This disposes of the petition of the petitioner to take additional depositions. The Motion for the taking of depositions is therefore denied.

The Writ of Habeas Corpus heretofore issued by this court on February 23, 1966 is hereby quashed.