## Commonwealth ex rel. DeVault, Appellant, *v.* Kovach.

Argued March 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Simon John,* with him *Thomas P. Ruane, Jr.,* for appellant.

*Gerald R. Solomon,* Assistant District Attorney, with him *Joseph E. Kovach,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1970:

On June 13, 1969, appellant Robert DeVault was arrested in Pennsylvania by a Fayette County detective on a warrant charging him with being a fugitive from justice in the State of Ohio. Extradition proceedings had been originally initiated against appellant by Ohio some two years earlier. Appellant had pleaded guilty to charges of indecent exposure in a Lorain County, Ohio, Court on March 23, 1966. He had been released on his own recognizance and was awaiting sentencing when he left the State of Ohio. On May 5, 1967, the Governor of Ohio requested the Governor of Pennsylvania to deliver DeVault to the appointed Ohio authorities. On May 9, 1967, a Governor's warrant was issued by the Governor of Pennsylvania pursuant to Section 2 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, Section 2, 19 P.S. §191.2.

DeVault did not spend the two years between the initiation of the Ohio extradition proceedings and his eventual arrest, at liberty. Shortly after leaving Ohio in 1966, he was arrested in Fayette County on charges

of burglary, larceny and related offenses. He was convicted of those charges on September 8, 1967, in Fayette County, and on November 9, 1967, he was sentenced to a term of from 11½ to 23 months in the Fayette County jail. It was at the expiration of this sentence that he was arrested in Pennsylvania as a fugitive from Ohio.

DeVault was released on bail pending extradition. The Public Defender of Fayette County petitioned the Court for a writ of habeas corpus to challenge the extradition, pursuant to Section 10 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, Section 10, 19 P.S. §191.10. The writ was issued on June 20, 1969, and a hearing on the writ was held by the Fayette County Court on June 30, 1969. After the hearing, the Court dismissed the writ by an Order dated July 9, 1969. That Court held that DeVault was a fugitive from justice in the State of Ohio and ordered that he be delivered to the Ohio authorities and be returned to that State to face the Ohio charges against him. From that Order, DeVault brings this appeal.

In *Commonwealth ex rel. Flood v. Pizzo*, 434 Pa. 208, 252 A. 2d 656, we recently discussed the basic principles governing our review in this class of case. We there said (page 211) : "We recently reaffirmed the proposition that our inquiry in cases of this type was a narrow one and that 'extradition should be ordered if: (1) the extradition papers are in order; *and** (2) the subject of the extradition is charged with a crime in the demanding state; *and** (3) the subject is a fugitive from the demanding state; *and** (4) the subject of the extradition was in the demanding state at the time the crime was committed.' Commonwealth ex rel. Banks v. Hendrick, 430 Pa. 575, 577, 243 A. 2d 438, 439

---

* Italics in *Commonwealth ex rel. Flood v. Pizzo* Opinion.

(1968) ; see, e.g., Ripepi Extradition Case, 427 Pa. 507, 235 A. 2d 141 (1967) ; Commonwealth ex rel. Raucci v. Price, 409 Pa. 90, 185 A. 2d 523 (1962) ; Commonwealth ex rel. Pacewicz v. Turley, 399 Pa. 458, 160 A. 2d 685 (1960)."

At the habeas corpus hearing, appellant asserted that none of these requirements had been met. In his present appeal, he claims only that the third requirement was not met and asserts that he is not a fugitive from justice in Ohio as that term is used in the Uniform Criminal Extradition Act. The facts in this case are not in controversy.

DeVault was indicted on January 26, 1966, by the Lorain County, Ohio, Grand Jury on a charge of sodomy. The crime was allegedly committed upon a 15-year-old inmate in the Lorain County Prison, where DeVault was serving a six-month sentence for assault and battery. Appellant's original plea of not guilty to the sodomy charge was later withdrawn and a plea of guilty entered to the lesser included offense of "indecent exposure; solicitation of an act of sex perversion." The case was referred to the Probation Department of Lorain County for pre-sentence investigation and DeVault was released *on his own recognizance* with a bond of $500.

On October 17, 1966, DeVault returned to the Court in Lorain County to hear the result of the pre-sentence investigation. At this time, the Judge deferred sentencing and ordered appellant committed to the Lima State Hospital for 60 days for psychiatric evaluation. DeVault's personal recognizance was continued and he was ordered to report to the Lorain County Sheriff's Office on October 31, 1966, at 9:00 o'clock A.M., to be conveyed to the State Hospital. Appellant did not appear at the appointed time and left the State of Ohio without ever again appearing before any Ohio authority.

DeVault claims that he is not a fugitive from justice in Ohio because he was released by the Ohio Court on his own recognizance. He contends that under such a release he was not compelled to appear anywhere and consequently he was not a fugitive from justice and Ohio's only remedy was to hold him in contempt of Court for not reporting to the hospital for the above-mentioned psychiatric examination. He admits that had he been *released on bail* he would be a fugitive and would have no grounds for objection to the Ohio extradition proceedings. There is no need to discuss the differences, if any, between a release on bail and a release on the defendant's own recognizance, or the legal effect of the Court's Order commanding appellant to appear at the Sheriff's Office for transportation to the Lima State Hospital. It will suffice to say that he was and is a fugitive from justice and he is properly subject to extradition.

*Commonwealth ex rel. Bonomo v. Haas,* 428 Pa. 167, 236 A. 2d 810, is controlling. In that case, this Court, quoting extensively from the Opinion of the Minnesota Supreme Court in *State ex rel. Shapiro v. Wall,* 187 Minn. 246, 244 N.W. 811, 812 (1932), said (pages 171-172):

" 'In the case of Roberts v. Reilly, 116 U.S. 80, 97, 6 S. Ct. 291, 300, 29 L. Ed. 544, the court held one to be a fugitive from justice who has committed a crime within a state and "when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction, and is found within the territory of another." Our own court in State ex rel. Burner v. Richter, 37 Minn. 436, 438, 35 N.W. 9, 10, speaking through Mr. Justice MITCHELL, in regard to Roberts v. Reilly, said: "The meaning of this language is unmistakable, viz.: That the motives or purposes of the party in leaving the state where the crime was committed are entirely immaterial; that all that is necessary to con-

stitute him a fugitive from justice is (1) that, being within a state, he there committed a crime against its laws, and (2) when required to answer its criminal process, he has left its jurisdiction, and is found in the territory of another state.

" ' "This construction fully accords with our own views. The sole purpose of this statute, and of the constitutional provision which it was designed to carry into effect, was to secure the return of persons who had committed crime within one state, and had left it before answering the demands of justice. The important thing is not their purpose in leaving, but the fact that they had left, and hence were beyond the reach of the process of the state where the crime was committed. Whether the motive for leaving was to escape prosecution or something else, their failure to return to answer the charges against them is equally within the spirit and purpose of the statute; *and the simple fact that they are not within the state to answer its criminal process when required renders them, in legal intendment, fugitives from justice, regardless of their purpose in leaving.*" ' "*

The Order of extradition is affirmed.

---

* Italics in *Commonwealth v. Bonomo* Opinion.