**Sylvester J. CAMPBELL**

v.

**Hon. Milton J. SHAPP, Governor of Pennsylvania and Kenneth G. Biehn, District Attorney of Bucks Co., and Sheriff of Bucks County.**

**Civ. A. No. 74-2140.**

United States District Court,
E. D. Pennsylvania.

Nov. 22, 1974.

**306**

Natale F. Carabello, Jr., Philadelphia, Pa., for petitioner.

Stephen B. Harris, First Asst. Dist. Atty., Doylestown, Pa., for respondents.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The petitioner, Sylvester Campbell, is the subject of a demand for extradition made by the Governor of New Jersey and a warrant honoring that demand issued by the Governor of Pennsylvania pursuant to § 7 of the Uniform Extradition Act.[1] Petitioner obtained a writ of habeas corpus from a state court, but this writ was dissolved by the court after a series of evidentiary hearings and petitioner was ordered to be extradited. His appeals in the state courts proving unsuccessful, Campbell brought a writ of habeas corpus, since district court would argues that the authorities seeking his extradition [2] have the burden of showing that he was present in the demanding state at the time of the commission of the crime upon which the extradition demand is based, and that even if he admits that he was present in New Jersey on certain dates that fall within the time periods marked out in the indictment charging him, the authorities must show some connection between petitioner's presence and the crime charged where, as here, the indictment does not give specific dates but recounts that a crime was committed within a definite but extended time period. Campbell also maintains that his indictment is merely a pretext and that New Jersey is really seeking him in order to use him as a witness against his will. For the reasons discussed below, we reject these contentions and dismiss petitioner's writ.

Two preliminary questions must be dealt with before we can discuss the merits of this matter. First, respondent argues that petitioner cannot apply for a writ of habeas corpus because he is not in custody, having been

---

1. 19 P.S. § 191.1 et seq. (1941).

2. Petitioner's habeas corpus writ was brought against the Governor of Pennsylvania in both state and federal court. However,

in the second evidentiary hearing in state court, the case against petitioner was conducted principally by the Deputy Attorney General of New Jersey.

released on bond pending extradition proceedings within the courts of Pennsylvania. We believe that the custody question has been resolved in petitioner's favor by the case of Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Second, Campbell contends that this Court should hold an evidentiary hearing on the facts of his case even though a hearing has already been held by the state court. We find that even though the state and federal courts have concurrent jurisdiction over habeas corpus in extradition matters,[3] a petitioner must show that his case falls within one of the subsections of 28 U.S.C. § 2254(d)[4] before he is entitled to a hearing de novo, and we are satisfied from a reading of the state court record that none is required. We therefore accept the factual findings of the state judge as correct. Smith v. State of Idaho, 253 F.Supp. 228 (D.C.Idaho 1966).

The process of extraditing an accused who had fled to another state is set forth in the United States Constitution, Article 4, Section 2, clause 2:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime".

This section has been implemented by a federal statute, 18 U.S.C. § 3182, and, in Pennsylvania, by the Uniform Extradition Act, 19 P.S. § 191.1 et seq. Before an accused can be extradited under either statute, the following must be shown:

(i) that the subject of extradition is charged with a crime in the demanding state;

3. United States v. Superintendent of County Prisons, 111 F.2d 409 (3rd Cir. 1940).

4. § 2254(d) states:
"In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit
—

(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to

represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:
And in an evidentiary hearing in the proceeding in the Federal Court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous."

(ii) that the subject of the extradition is a fugitive from the demanding state;

(iii) that the subject of the extradition was present in the demanding state at the time the crime was committed;

(iv) that the requisition papers are in Order. Commonwealth ex rel. Devault v. Kovach, 439 Pa. 96, 264 A.2d 589 (1970).

 The state Judge found that Campbell was charged with a crime in New Jersey, that he was a fugitive from the state, and that the requisition papers were in proper order. The Judge also found that petitioner was in the state of New Jersey on various dates during which the indictment alleges the crime was committed. Thus the only question remaining [5] is the legal one of whether the Judge's finding that the state presented sufficient evidence to show that petitioner's presence at the time the alleged crimes were committed was correct.

The first count of the indictment states that petitioner committed the offense of swearing a false oath on April 30, 1970. The subsequent two counts allege that petitioner committed the offenses of obtaining money by false pretense and uttering forged instruments "between, on or about the 30th day of April, and on or about the 17th day of February, 1971". The indictment itself constitutes a prima facie case for the state; however, the state court was further benefited by a stipulation entered into between the state and petitioner. According to this stipulation, petitioner was physically present in New Jersey on twenty-three distinct and separate dates between June 1, 1970 and February 17, 1971.

Petitioner argues that Hyatt v. New York, 188 U.S. 691, 23 S.Ct. 456, 47 L. Ed. 657 (1903) and In re Gibson, 147 F.Supp. 591 (D.C.1957) compel a showing that petitioner was in New Jersey on the specific date upon which the crime was supposedly committed. In *Hyatt* the Supreme Court refused to allow extradition where the state conceded that the petitioner therein was not in the state at the various times when it was alleged in the indictment the crimes were committed; in fact, it was admitted that he was not present in the demanding state until eight days after the last offense was alleged to have been committed. The Court stated:

"That the prosecution on the trial of such an indictment need not prove with exactness the commission of the crime at the very time alleged in the indictment is immaterial. The indictments in this case named certain dates as the times when the crimes were committed, and where . . . there is no proof, or offer of proof, to show that the crimes were in truth committed on some other day than those named in the indictments, and that the dates therein named were erroneously stated, it is sufficient for the party charged to show that he was not in the state *at the times named in the indictment* . . . the facts so proved are sufficient to show that the person was not in the state when the crimes were, if ever, committed." 188 U.S. 711–712, 23 S.Ct. 459 (emphasis supplied).

In *Gibson* a district court granted a habeas writ where the indictment stated that the subject of extradition committed an offense on "February —, 1946". The court found the indictment insufficient proof that the petitioner had been present in the state at the time of the offense.

These cases stand for the proposition that the evidence must show that the subject of the extradition demand was present in the demanding state at the

**5.** Petitioner has alleged that the motive of the New Jersey Executive in indicting him and seeking his extradition was not to obtain his conviction but to secure him as a witness in a criminal investigation. This issue was not raised below, but it would nevertheless be improper for us to consider this contention since a court on habeas corpus may not inquire into the motive behind the extradition demand. United States v. Superintendent of County Prisons, 111 F.2d 409 (3rd Cir. 1940).

times stated in the indictment; they do not establish the proposition that the indictment naming Campbell state that the offenses were committed within a certain time period; the facts as stipulated to demonstrate that petitioner was in New Jersey within that time period. (Conversely, the stipulated facts demonstrate that petitioner was not present on the date specified in the first count). The Governor has thus met the requirements of *Hyatt* and *Gibson*.

Petitioner argues that even if the indictment is sufficient to show presence, the wide span between the dates specified in the second and third counts violates due process. However, in order to determine the validity of this dictments must set forth specific dates. The second and third counts of the inconstitutional claim, this court would in effect be trying petitioner's case, something which it is forbidden to do by the overwhelming weight of authority.[6] Ex parte Birdseye, 246 U.S. 657, 38 S.Ct. 424, 62 L.Ed. 925 (1918); Smith v. Gross, 2 F.2d 507 (5th Cir. 1924), cert. den., 267 U.S. 610, 45 S.Ct. 355, 69 L.Ed. 813 (1924); In re Bloch, 87 F. 981 (D. C.Ark.1898). Petitioner is free to raise this or any other defense in the New Jersey courts.

---

6. It would also be premature for this Court to rule on the constitutional validity of the indictment, since any vagueness could possibly be cured by a bill of particulars or discovery on defendant's part.